IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY CHARLES JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:06CV963-MEF |
| ) | |
| THE CITY OF CLANTON, ALABAMA, ) | |
| a municipal corporation, and its agents, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT

PARTIES

1. Plaintiff Jimmy Charles Jenkins ("Jenkins") is an individual, over nineteen (19) years of age and a resident of Jefferson County, Alabama.

2. The City of Clanton ("Clanton") is a municipal corporation located in Chilton County, Alabama whose acts as set forth herein were carried out by its agents who at all times acted under the authority of Clanton and under color of law.

JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this Court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

FACTS

4. On or about January 20, 2003 Plaintiff Jenkins was driving his motor vehicle, a 1991 Cadillac Sedan DeVille, in the City of Clanton when he was pulled over by Clanton Police.

Supposedly Jenkins was stopped because police alleged a complaint was lodged regarding someone in a white Cadillac harassing someone.

5. Jenkins provided identification upon request but had no license at the time.

6. Jenkins was asked if he would consent to a search of his vehicle. Jenkins consented to the search.

7. Then Jenkins was asked if he would consent to the police driving the Cadillac around to the police station, and parking it there as it was close by so they could run a check on Jenkins for outstanding warrants. Jenkins acquiesced.

8. The Clanton Police put Jenkins in a police car, took him inside the station and handcuffed him to a holding rail. They told him that if they did not find any warrants on him they would give him a ticket for driving while his licence was suspended and not having insurance.

9. Subsequently, one of the jailers came in and asked him what he was looking at. Jenkins replied "Nothing, what are you looking at?" The jailer proceeded to grab Jenkins by the throat and slammed his head against the wall while Jenkins was still handcuffed to the rail. Then other officers came in and severely beat him while he was handcuffed.

10. The officers then threw him in a chair and handcuffed and shackled him to it. Jenkins began to hyperventilate. He was not permitted to use the restroom so he eventually was forced to urinate on himself. He was in the chair the rest of the night and most of the day. Then he was released from the chair and processed into jail. Jenkins had a knot behind his ear and thought his wrist was broken. Jenkins was charged with DUI and driving while his license was revoked. He made bond February 10, 2003.

11. Jenkins showed up for all his court dates, except his last, but as the police still had

2

his car, he had to take the bus. Jenkins went to court three different times. Each time it was continued.

12. The last time he was set to go to Court in Clanton in the evening he had a court date in Birmingham on the same day that morning, but did not have the money to pay the fine so he was jailed in Birmingham and did not attend his court date in Clanton.

13. Jenkins was imprisoned in Birmingham from June until September 23, 2003. Birmingham let him out but told him Clanton had a hold but was not coming to get him.

14. On February 28, 2005, Clanton arrested him on an Alias Writ for missing court.

15. He was held in Court without bond and forced to work, often seven days a week, for the benefit of the City of Clanton for approximately half a year.

16. On August 28, 2005 Jenkins came in from work and was told his case was "no-billed by the grand jury" and was free to go. Court records reflect this, however, there is no grand jury in Municipal Court.

17. Jenkins has yet to receive his car from Clanton.

## COUNT ONE

## FALSE IMPRISONMENT

18. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

19. As a result of the actions described above, Plaintiff was unlawfully, wrongfully and maliciously detained by the Defendants for six months.

20. Plaintiff's detention was for a period of time whereby he was completely and unjustifiably deprived of his liberty without any due process.

21. At all times relevant to this count, Defendants were acting within the line and scope of their employment with Defendant City of Clanton Police Department and/or Municipal Court.

22. As a proximate consequence, Plaintiff was caused to suffer personal injuries, lost wages, physical pain and discomfort, mental anguish and public embarrassment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands a judgement for compensatory and punitive damages against Defendants, jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs, and any additional relief this Court deems just and proper.

## COUNT TWO

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

23. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

24. Defendant City of Clanton is that entity responsible for the training, hiring, supervision and/or control of its agents, Defendant Police Officers and Court Personnel.

25. Due to the actions or inactions of its agents, the City of Clanton is liable to Plaintiff for the injuries and damages he sustained as follows:

    a. Defendant City of Clanton was deliberately indifferent to Plaintiff's rights and needs in that:

        i. it failed to adequately train and supervise its agents, making it deliberately indifferent to the Plaintiff's constitutional rights;

        ii. a reasonable person in its position would know that its failure to train and supervise reflected deliberate indifference; and/or

        iii.    its conduct was causally related to the constitutional infringement by its agents;

b.    Defendant City of Clanton is responsible under 42 U.S.C. § 1983 supervisory liability in that:

        i.    it had actual or constructive knowledge that its agents were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff;

        ii.    its response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offensive practices; and/or

        iii)    there was a causal link between the supervisor's inaction and Plaintiff's constitutional injury;

c.    Had Defendant City of Clanton exercised its duties to instruct, supervise, control and discipline on a continuing basis, they should have had knowledge that the wrongs done were about to be or were being committed;

d.    Defendant City of Clanton had power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, instead of the recklessness or gross negligence it displayed in its failure to do so; and/or

e.    Defendant City of Clanton approved or ratified the constitutional deprivations set forth above; and/or

f.    These supervisor's actions/inactions otherwise resulted in a denial of Plaintiff's constitutional rights.

26.     As a direct and proximate result of the actions and/or inactions of Defendant City of Clanton, Plaintiff suffered injuries and damages in connection with the deprivation of his constitutional and statutory rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against Defendant City of Clanton and its agents for injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

## COUNT THREE

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

27.     Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

28.     The facts set forth in the preceding paragraphs constitute deprivation of Plaintiff's constitutional and statutory rights guaranteed by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against Defendant City of Clanton and its agents for injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

## COUNT FOUR

## CONVERSION

29. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

30. Defendants have withheld possession and exercised dominion over personal property of Plaintiff Jenkins, specifically but not limited to a 1991 Cadillac Sedan DeVille.

31. Defendants have thereby denied Plaintiff the use and enjoyment of said automobile without justification.

32. As a proximate result of the conversion, Plaintiff has suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby makes claim against Defendants as a result of said conversion by Defendants, in the amount of compensatory and punitive damages to be determined by a jury, and such further relief this Plaintiff may be entitled to recover.

Respectfully submitted,

William J. Baxley
Donald R. James, Jr.
S. Joshua Briskman
Attorneys for Plaintiff

OF COUNSEL:

BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
Phone: (205) 271-1100
Fax: (205) 271-1108

## **JURY DEMAND**

PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY

_____
S. Joshua Briskman

Plaintiff's Address:
c/o BAXLEY, DILLARD, DAUPHIN
   MCKNIGHT & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233


Defendants' Address:

City of Clanton
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580