IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jimmy Charles Jenkins, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NUMBER 2:06-CV-963-MEF |
| THE CITY OF CLANTON, ALABAMA, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Comes now the City of Clanton, Alabama, a municipal corporation, ("the City") and its unnamed agents to file their Brief in Support of the Motion to Dismiss, and states as follows:

**STATEMENT OF THE CASE**

On or about October 25, 2006, the plaintiff Jimmy Charles Jenkins filed a Complaint against the City of Clanton, Alabama and its unnamed agents. The Complaint consists of following four (4) counts: a state law claim for False Imprisonment (Count One), a claim for the Deprivation of his Constitutional Rights pursuant to 42 U.S.C. §1983, Fifth, Eighth and Fourteenth Amendments of the United States Constitution (Counts Two and Three) and a state law claim for Conversion (Count IV).

Although the plaintiff claims jurisdiction under Sections 1331 of Title 28 of the <u>United States Code</u>, for reasons shown below, the City disputes that this Court has jurisdiction over this matter. Furthermore, the plaintiff has failed to plead any jurisdictional basis for bringing his Alabama state law claims in Federal Court.

On or about October 25, 2006, the City of Clanton filed its Motion to Dismiss. The City

now files this Brief in support of its Motion. From a prima facie reading of the Complaint, the City of Clanton is entitled to a judgment in its favor. Therefore, the City of Clanton's Motion to Dismiss is due to be granted.

## STATEMENT OF THE FACTS

The City of Clanton, for purposes of its Motion to Dismiss, accepts the facts as plead in the Complaint. This defendant does not waive its right to contest those facts nor should it be inferred that this defendant is in agreement therewith.

## ARGUMENT

I.  **THE COMPLAINT FAILS TO STATE A CLAIM UNDER COUNTS TWO AND THREE UPON WHICH RELIEF CAN BE GRANTED AGAINST THE CITY PURSUANT TO 42 U.S.C. § 1983.**

    A.  **A MUNICIPALITY IS NOT LIABLE UNDER 42 U.S.C. § 1983 ON SIMPLE THEORY OF *RESPONDEAT SUPERIOR*.**

The plaintiff apparently seeks to hold the City liable merely because of the actions of some unnamed agents and/or employees of the City of Clanton, Alabama. See Complaint, ¶¶ 23-28. Section 1983 claims cannot be pursued against a municipality under a theory of *respondeat superior*. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed 611 (1977). A municipality may not be held liable in a Section 1983 claim unless the plaintiff "identif[ies] a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (citing Monell, 436 U.S. 658, 98 S.Ct. 2018).

Only Counts Two and Three sound as federal causes of action. The Complaint claims that the plaintiff was injured by the City's negligent hiring and supervision of unnamed agents. Thus, any federal claims against the City would lie under a *respondeat superior* theory. Because the plaintiff has failed to identify a policy or custom of the City that led to an alleged violation of his rights, the claims against the City and the individual defendants in their official capacities are due to be dismissed.

    **B.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 UPON WHICH RELIEF CAN BE GRANTED FROM THE CITY IN THE FORM OF PUNITIVE DAMAGES.**

Although the plaintiff has claimed punitive damages, he cannot recover punitive damages for his Section 1983 claim from the City or from the individual defendants in their official capacities. It is long-settled that a municipality cannot be held liable for punitive damages in a Section 1983 claim. In City of Newport v. Fact Concerts, Inc., the United States Supreme Court held "that a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762 (1981). See also City of Tarrant v. Jefferson, 682 So.2d 29, 30 (Ala. 1996) ("[F]ederal law prohibits a § 1983 award of punitive damages against a municipality . . ."). This rule also applies to municipal officials in their official capacities because those claims are tantamount to suing the City, *qua* City. See Brandon v. Holt, 469 U.S. 464, 473, 105 S.Ct. 873, L.Ed.2d 878 (1985) (Suit against director in his official capacity was in effect suit against the city.); Busby v. Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their official capacity and direct suits against municipalities are functionally equivalent.); Holley v. Roanoke, 162 F.Supp. 2d 1335 (M.D. Ala. 2001) (Section 1983 claims against city officials in their official capacity were "functionally equivalent" to claims against the city."). Because punitive damages against a

municipality are not permitted in a Section 1983 claim, all claims for punitive damages against the City and the individual defendants in their official capacities arising under Section 1983 are due to be dismissed.

## II. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S ALABAMA STATE LAW CLAIMS.

The plaintiff's Alabama state law claims should not be tried in this federal forum. Supplemental jurisdiction over the plaintiff's Alabama state law claims is discretionary. See 28 U.S.C. § 1367(c). The Supreme Court of the United States has set forth the factors that a district court should weigh when determining whether to exercise supplemental jurisdiction over state law claims:

> [28 U.S.C. § 1367(c)] thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."

City of Chicago v. International College of Surgeons, 522 U.S. 156, 173, 118 S.Ct. 523, 534 (U.S. 1997). The Eleventh Circuit Court of Appeals also instructs district courts to weigh "the values of judicial economy, convenience, fairness, and comity," and has held that

> Both comity and economy are served when issues of state law are resolved by state courts. See id.

Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002). Therefore, in the case at hand, the Court has the opportunity to serve the interests of both comity and economy by allowing Alabama's state courts to resolve the plaintiff's Alabama state law claims.

The plaintiff's state law claims substantially predominate over her federal claims. When a state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," it is within the inherent power of the Court to decline to exercise

4

supplemental jurisdiction. 28 U.S.C. § 1367(c)(2). As shown above, the plaintiff's federal claims are due to be dismissed.

In Shotz v. City of Plantation, Fla., a municipal employee sued his employer under both federal and state law. See Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1165 (11th Cir. 2003). The federal claims and the state claims both related to the termination of the employee's employment. See id. The district court declined to exercise supplemental jurisdiction over the state law claims, and , on appeal, the Eleventh Circuit affirmed the district court's decision. See id. at 1185. One of the reasons cited for upholding the district court's decision was that there were four possible causes of action under state law and a "myriad" of applicable defenses. Id. Here, there are an equal or greater number of possible state law causes of action brought by the plaintiff. Moreover, as shown in Part III, infra, there is no shortage of defenses applicable to the plaintiff's state law claims (even before examining evidentiary matters). Furthermore, the plaintiff's federal and state claims in this case are even more diverse than the ones examined in Shotz. Therefore, the posture of this case presents a more compelling procedural posture for the Court to decline to exercise supplemental jurisdiction than the one presented in Shotz.

There would be no resulting unfairness by making the plaintiff pursue his state law claims in state court. Discovery has not yet even been commenced.

As presented in Part I, supra, the plaintiff's federal claims (Counts Two and Three) are due to be dismissed. This presents an additional ground for the Court to decline to exercise supplemental jurisdiction over the plaintiff's Alabama state law claims. The Court is empowered to dismiss the plaintiff's Alabama state law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Therefore, in addition to granting the defendants' Motion to Dismiss as to the plaintiff's federal claims, the Court should

also decline to exercise supplemental jurisdiction over the plaintiff's Alabama state law claims.[1]

### III.  IN THE ALTERNATIVE, THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE LAW OF ALABAMA UPON WHICH RELIEF CAN BE GRANTED.

#### A.  COUNTS FOUR THROUGH EIGHT DO NOT STRICTLY COMPLY WITH § 11-47-23 AND § 11-47-192 OF THE CODE OF ALABAMA.

Proper notice was not presented within the prescribed time limits to the City on the plaintiff's claims arising under Alabama state law.  The requirements of Section 11-47-192 of the Code of Alabama are quite clear that a plaintiff may not recover

> unless a sworn statement be filed with the clerk by the party injured . . . stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.

ALA. CODE § 11-47-192 (1975).  The plaintiff did not provide Section 11-47-192 notice within the required time period. Sections 11-47-23 and 11-47-192 are read together.  See Poe v. Grove Hill Memorial Hosp. Bd., 441 So.2d 861 (Ala. 1983).  Section 11-47-23 imposes a six month statutory limit on the time in which a plaintiff has to give notice of his tort claims against a municipality.  See ALA. CODE § 11-47-23 (1975).   The incident forming the basis of the plaintiff's complaint occurred on or about January 20, 2003.  See Complaint, ¶ 4.  However, the plaintiff did not present a sworn notice of claim with the City Clerk until February 3, 2006.  See Notice of Claim, **Exhibit 1** of the Evidentiary Submissions.   Therefore, the plaintiff did not give proper notice to the City within the six month statutory time limit.

It is true that, under certain circumstances, commencing a lawsuit against a city within six

---

[1] When a district court declines to exercise supplemental jurisdiction, that decision will not be disturbed absent an abuse of discretion.  See Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1185 (11th Cir. 2003) ("We review a district court's decision to decline exercising supplemental jurisdiction for abuse of discretion.") (citing Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999)).

months can satisfy the statutory time limit. See Diemert v. Mobile, 474 So.2d 663 (Ala. 1985). The plaintiff, however, filed his Complaint with the United States District Court for the Middle District of Alabama more than six months after the conduct which is the subject of the present lawsuit allegedly occurred. Compare Complaint, ¶ 4 ("On or about January 20, 2003, . . ."), with Complaint, p. 1 (" 2006 OCT 25 / CLERK / U.S. DISTRICT COURT / MIDDLE DIST. OF ALA." (Capitalization in originals)). Therefore, the plaintiff failed to bring his lawsuit within six months of his alleged injuries accruing.

The plaintiff has already failed to meet his burden as to whether he is allowed to pursue a claim against the City under Alabama state law. As the Supreme Court of Alabama has explained

> It is also firmly established by the decisions of this court, as well as elsewhere, that the filing of the statement is not only mandatory but is a condition precedent to the bringing of an action against the municipal corporation for any cause to which they relate. In order to maintain such action, the filing of the claim in substantial compliance with the statute ***must be averred in the complaint and proved***.

Dixon v. City of Mobile, 280 Ala. 419, 421, 194 So.2d 825, 826 (Ala. 1967) (quoting City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643 (Ala. 1937). Specifically, the plaintiff has failed to meet his most limited burden of pleading compliance with Alabama's notice statutes. See Complaint.

To provide effective notice under the Code, a plaintiff must meet the requirements of Section 11-47-192 of the Code of Alabama. In City of Montgomery v. Weldon, the injured party sent a letter to city officials detailing his claim, but the injured party failed to swear to the claim. See City of Montgomery v. Weldon, 195 So.2d 110 (Ala. 1967). As a result, the Supreme Court of Alabama held that the injured party had failed to satisfy the requirement of Section 11-47-192 that a statement be sworn and that the injured party could not recover. See id. In the present case, the plaintiff failed to present a sworn statement within the statutory time limit.

The City cannot be held liable for the plaintiff's Alabama state law claims. This Court is

due to dismiss with prejudice all of the plaintiff's Alabama state law claims against the City.

> **B.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY FOR FALSE IMPRISONMENT (COUNT ONE) OR CONVERSION (COUNT FOUR)WHICH RELIEF CAN BE GRANTED PURSUANT TO SECTION 11-47-190.**

The Complaint fails to state a claim for False Imprisonment and Conversion upon which relief can be granted against the City. Section 11-47-190 of the Code of Alabama provides that:

> no city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee . . . .

ALA. CODE § 11-47-190 (1975). While this statute makes municipalities liable for the neglect, carelessness, or unskillfulness of its employees, it prevents cities from being held liable for intentional torts. See Brooks v. City of Birmingham, 584 So. 2d 451 (Ala. 1991); Hilliard v. City of Huntsville, 585 So. 2d 889, 892 (Ala. 1991) (wantonness); Altmayer v. City of Daphne, 613 So.2d 366, 369 (Ala. 1993) (willfulness and recklessness).

As plead in the Complaint, the Plaintiff's claims for False Imprisonment (Count One) and Conversion (Count 4) are for intentional torts. See Complaint. There is no language in the Complaint that would indicate neglect, carelessness, or unskillfulness on the part of the defendants. See Complaint.

The federal courts of this State have specifically recognized that in Alabama municipalities are immune from the tort of False Imprisonment as they are plead here. See Beech v. City of Mobile, 874 F.Supp. 1305, 1314 (S.D. Ala. 1994) (granting dispositive motion in favor of the city on the plaintiff's Assault and Battery claim on the basis of Section 11-47-190); Rose v. Town of Jackson's Gap, 952 F.Supp. 757, (M.D. Ala. 1996) (granting dispositive motion in favor of the city on the plaintiff's False Imprisonment claim on the basis of Section 11-47-190). This is

particularly true because a municipality cannot act with malice.  See Montgomery v. City of Montgomery, 732 So. 2d 305, 310 (Ala. Civ. App. 1999).  Because the plaintiff has alleged intentional torts, the City is immune from liability under Section 11-47-190 of the Code of Alabama.  See Brooks v. City of Birmingham, 584 So. 2d 451 (Ala. 1991).

Furthermore, the City did not maliciously acquire possession of the plaintiff's personal property.  The mere possession of property without some intentional or wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal use or misuse is not conversion.  Wright v. Walker Co. Sheriff's Dept., 547 So.2d 452 (Ala.1989).

Through the cases named above, a City's liability for the intentional torts of False Imprisonment and Conversion have already been addressed, and, as a matter of law, the City cannot be held liable for these same claims.  Therefore, in the present case, these claims should be dismissed against the City.

## CONCLUSION

From a prima facie reading of the Complaint, the plaintiff has failed to state a claim against the City under federal law for which relief can be granted.  The City is entitled to a judgment as a matter of law on the plaintiff's federal claims.

The City petitions the Court not to exercise supplemental jurisdiction over the plaintiff's Alabama state law claims.  The state law claims predominate over the federal claims, and this is particularly true since the plaintiff's federal claims against the City are due to be dismissed.

In the alternative, should the Court decide to exercise supplemental jurisdiction over the plaintiff's Alabama state law claims, the defendants move for the dismissal of those Counts. Even if the plaintiff is allowed to raise those claims in this forum, he has failed to state a claim under Alabama state law for which relief may be granted.

As a matter of law, there are no grounds permitting the plaintiff a recovery. The City's Motion to Dismiss is due to be granted in its favor.

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendant, The City of Clanton, Alabama
State Bar ID ASB 3314 T79J
State Code POR001

/s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the
Attorneys for Defendant, The City of Clanton, Alabama
State Bar ID ASB 6494 A55D
State Code DAU007

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the  20 day of November, 2006 . If Notice of Electronic Filing indicates that Notice needs to be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin,
  McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

/s/ James W. Porter II
OF COUNSEL