IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JIMMY CHARLES JENKINS,**     ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | CIVIL ACTION NO. |
| v.     ) | |
| ) | 2:06-CV-963-MEF |
| **THE CITY OF CLANTON, ALABAMA,**     ) | |
| a municipal corporation, and its agents,     ) | |
| ) | |
| **Defendants.**     ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now the Plaintiff and moves this Court for leave to amend his Complaint in this case pursuant to Federal Rule of Civil Procedure 15. Attached hereto as Exhibit A is Plaintiff's Amended and Restated Complaint.

Respectfully Submitted,

/s/S. Joshua Briskman
S. Joshua Briskman, one of the
Attorneys for Plaintiff,
Jimmy Charles Jenkins

OF COUNSEL:

BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
Phone: (205) 271-1100
Fax: (205) 271-1108

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James W. Porter, II, Esq.
Porter, Porter & Hassinger, P.C.
215 21st Street North, Suite 1000
Post Office Box 128
Birmingham, Alabama 35201-0128


                                              /s/S. Joshua Briskman
                                              Of Counsel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY CHARLES JENKINS,        ) | |
| )   | |
| Plaintiff,    ) | |
| )   | CIVIL ACTION NO. |
| v.    ) | |
| )   | 2:06-CV-963-MEF |
| THE CITY OF CLANTON, ALABAMA,   ) | |
| a municipal corporation, and its agents;   ) | |
| J.D. DAVIS, in his individual and official   ) | |
| capacity as a Police Officer of the City of   ) | |
| Clanton; JAMES HENDERSON, in his   ) | |
| individual and official capacity as Chief   ) | |
| of Police of the City of Clanton; and   ) | |
| VELMA L. TINSLEY, in her individual   ) | |
| capacity and official capacity as the   ) | |
| Clerk of the Municipal Court of the   ) | |
| City of Clanton,   ) | |
| )   | |
| Defendants.    ) | |

## AMENDED AND RESTATED COMPLAINT

### PARTIES

1. Plaintiff Jimmy Charles Jenkins ("Jenkins") is an individual, over nineteen (19) years of age and a resident of Jefferson County, Alabama.

2. The City of Clanton ("Clanton") is a municipal corporation located in Chilton County, Alabama whose acts as set forth herein were carried out by its agents who at all times acted under the authority of Clanton and under color of law.

3. J.D. Davis ("Davis") is and was at all relevant times a Police Officer for the City of Clanton.



4. James Henderson ("Henderson") is and was at all relevant times Chief of Police of the City of Clanton.

5. Velma L. Tinsley ("Tinsley") is and was at all relevant times the Clerk of the Municipal Court of the City of Clanton.

## JURISDICTION

6. Jurisdiction is proper in this Court pursuant to 28 USC § 1331 as this Court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

## FACTS

7. On or about January 20, 2003 Plaintiff Jenkins was driving his motor vehicle, a 1991 Cadillac Sedan DeVille, in the City of Clanton when he was pulled over by Clanton Police. Supposedly Jenkins was stopped because police alleged a complaint was lodged regarding someone in a white Cadillac harassing someone.

8. Jenkins provided identification upon request but had no license at the time.

9. Jenkins was asked if he would consent to a search of his vehicle. Jenkins consented to the search.

10. Then Jenkins was asked if he would consent to the police driving the Cadillac around to the police station, and parking it there as it was close by so they could run a check on Jenkins for outstanding warrants. Jenkins acquiesced.

11. The Clanton Police put Jenkins in a police car, took him inside the station and handcuffed him to a holding rail. They told him that if they did not find any warrants on him they would give him a ticket for driving while his licence was suspended and not having insurance.

12. Subsequently, one of the jailers came in, who is believed to be Davis, and asked him what he was looking at. Jenkins replied "Nothing, what are you looking at?" Davis proceeded to grab Jenkins by the throat and slammed his head against the wall while Jenkins was still handcuffed to the rail. Then other officers came in and severely beat him while he was handcuffed.

13. The officers then threw him in a chair and handcuffed and shackled him to it. Jenkins began to hyperventilate. He was not permitted to use the restroom so he eventually was forced to urinate on himself. He was in the chair the rest of the night and most of the day. Then he was released from the chair and processed into jail. Jenkins had a knot behind his ear and thought his wrist was broken. Jenkins was charged with DUI and driving while his license was revoked. He made bond February 10, 2003.

14. Jenkins showed up for all his court dates, except his last, but as the police still had his car, he had to take the bus. Jenkins went to court three different times. Each time it was continued.

15. The last time he was set to go to Court in Clanton in the evening he had a court date in Birmingham on the same day that morning, but did not have the money to pay the fine so he was jailed in Birmingham and did not attend his court date in Clanton.

16. Jenkins was imprisoned in Birmingham from June until September 23, 2003. Birmingham let him out but told him Clanton had a hold but was not coming to get him.

17. On February 28, 2005 Clanton arrested him on an Alias Writ for missing court.

18. He was held in Court without bond and forced to work, often seven days a week, for the benefit of the City of Clanton for approximately half a year. Although Jenkins repeatedly told

Davis and others that he had not been before a Judge, nothing was done about Jenkins being held without due process.

19. On August 28, 2005 Jenkins came in from work and was told his case was "no-billed by the grand jury" and he was free to go. Court records prepared by Tinsley reflect this, however, there is no grand jury in Municipal Court.

20. Jenkins has yet to receive his car from Clanton.

## COUNT ONE

## FALSE IMPRISONMENT

21. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

22. As a result of the actions described above, Plaintiff was unlawfully, wrongfully and maliciously detained by the Defendants for six months.

23. Plaintiff's detention was for a period of time whereby he was completely and unjustifiably deprived of his liberty without any due process.

24. At all times relevant to this count, Defendants were acting within the line and scope of their employment with Defendant City of Clanton Police Department and/or Municipal Court and under color of law.

25. As a proximate consequence, Plaintiff was caused to suffer personal injuries, lost wages, physical pain and discomfort, mental anguish and public embarrassment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands a judgement for compensatory and punitive damages against Defendants, jointly and severally, for the injuries and

damages suffered by him in an amount to be determined by a jury, court costs, and any additional relief this Court deems just and proper.

## COUNT TWO

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

26. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

27. Defendants City of Clanton and Henderson are responsible for the training, hiring, supervision and/or control of its agents, Defendant Officer Davis and other Officers not yet known.

28. Due to the actions or inactions of Henderson and/or City of Clanton these Defendants are liable to Plaintiff for the injuries and damages he sustained as follows:

    a.    Defendants were deliberately indifferent to Plaintiff's rights and needs in that:

        I.    they failed to adequately train and supervise their agents, making them deliberately indifferent to the Plaintiff's constitutional rights;

        ii.    a reasonable person in their position would know that their failure to train and supervise reflected deliberate indifference; and/or

        iii.    their conduct was causally related to the constitutional infringement by their agents;

    b.    Defendants are responsible under 42 USC § 1983 for supervisory liability in that:

        I.    they had actual or constructive knowledge that their agents were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff;

  ii. their response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offensive practices; and/or

  iii) there was a causal link between the supervisor's inaction and Plaintiff's constitutional injury;

 c. Had Defendants exercised their duties to instruct, supervise, control and discipline on a continuing basis, they should have had knowledge that the wrongs done were about to be or were being committed;

 d. Defendants had power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, instead of the recklessness or gross negligence they displayed in their failure to do so; and/or

 e. Defendants approved or ratified the constitutional deprivations set forth above; and/or

 f. These supervisor's actions/inactions otherwise resulted in a denial of Plaintiff's constitutional rights.

29. As a direct and proximate result of the actions and/or inactions of Defendants, Plaintiff suffered injuries and damages in connection with the deprivation of his constitutional and statutory rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 USC § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against Defendants for injuries and damages suffered by him in an amount to

be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

## COUNT THREE

### DEPRIVATION OF CONSTITUTIONAL RIGHTS

30. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

31. The facts set forth in the preceding paragraphs constitute a reckless or callous indifference to the rights of Plaintiff and constitute a deprivation of Plaintiff's constitutional and statutory rights guaranteed by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 USC §1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against all Defendants for injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

## COUNT FOUR

### CONVERSION

32. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

33. Defendants have withheld possession and exercised dominion over personal property of Plaintiff Jenkins, specifically but not limited to a 1991 Cadillac Sedan DeVille.

34. Defendants have thereby denied Plaintiff the use and enjoyment of said automobile without justification.

35. As a proximate result of the conversion, Plaintiff has suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby makes claim against Defendants as a result of said conversion by Defendants, in the amount of compensatory and punitive damages to be determined by a jury, and such further relief this Plaintiff may be entitled to recover.

## COUNT FIVE

## NEGLIGENCE

36. Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

37. The injuries suffered by Plaintiff Jenkins made the subject of this Complaint occurred due to the negligence, carelessness and/or unskillfulness of Defendants while same were acting within the line and scope of their employment with the Defendant City of Clanton.

38. As a proximate consequence of Defendants' negligent, careless and/or unskillful actions, Plaintiff was caused to be deprived of his liberty for a period of six months without due process of law. Further Plaintiff suffered embarrassment, humiliation, mental anguish and emotional distress as a result of his lengthy unlawful confinement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for compensatory damages against Defendants jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs and any other relief this Court deems just and proper.

Respectfully Submitted,

/s/S. Joshua Briskman
S. Joshua Briskman, one of the
Attorneys for Plaintiff,
Jimmy Charles Jenkins

OF COUNSEL:

BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
Phone: (205) 271-1100
Fax: (205) 271-1108

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY

/s/S. Joshua Briskman
S. Joshua Briskman

Defendants' Address:

J.D. Davis
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580

James Henderson
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580

Velma L. Tinsley
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James W. Porter, II, Esq.
Porter, Porter & Hassinger, P.C.
215 21st Street North, Suite 1000
Post Office Box 128
Birmingham, Alabama 35201-0128

/s/S. Joshua Briskman
Of Counsel