## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JIMMY CHARLES JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **2:06-CV-963-MEF** |
| **THE CITY OF CLANTON, ALABAMA,** | ) | |
| **a municipal corporation, and its agents,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Defendant City of Clanton's ("Clanton") Motion to Dismiss is a weak attempt at legal maneuvering. Plaintiff Jenkins has alleged facts that demonstrate a gross disregard to many of Jenkins' constitutional rights. He claims in essence that he was deprived of his liberty for a period of six months after being severely beaten by Clanton Police, and forced into what amounted to involuntary servitude for the benefit of the Defendant City of Clanton. Clearly Jenkins' claims are deprivations of his rights under the Constitution of the United States of America and this Court has original jurisdiction to address those claims. Further Jenkins' Complaint is sufficient to put the Defendant on notice of his claims against it. Whatever even arguably legitimate technical defects the Defendant's Motion to Dismiss raises have been cured by Jenkins' filing of his Amended and Restated Complaint.

## ARGUMENT

**I.    THIS COURT HAS ORIGINAL JURISDICTION OVER JENKINS' CLAIMS**

First, the Defendant Clanton boldly claims that this Court has no jurisdiction over Jenkins' claims.  Jenkins claims denial of his rights under the First, Forth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution pursuant to § 1983.  *See* Count 2 & 3 of Complaint and Count 2 & 3 of the Amended and Restated Complaint attached as Exhibits A & B.  In fact, as plead in the Complaint in this case, jurisdiction is proper in this Court pursuant to 28 USC § 1331 as this Court has ***original jurisdiction*** of all civil actions arising under the Constitution, laws or treaties of the United States.  *See* 28 USC. § 1331.  This Court has jurisdiction over Jenkins' claims.

**II.    EXERCISING SUPPLEMENTAL JURISDICTION OVER JENKINS' STATE CLAIMS IS APPROPRIATE**

Without directing this Court to the rule which governs what claims this Court should exercise supplemental jurisdiction over, Clanton sweepingly claims that this Court should not exercise supplemental jurisdiction over Jenkins' two state claims for Conversion and False Imprisonment. Jenkins' Conversion Count is based on the Defendant's failure to release his vehicle to him, and the False Imprisonment claim is directly related to his unlawful incarceration for six months. While it is true when to exercise supplemental jurisdiction is discretionary with this court, 28 USC § 1367 states in pertinent part:

§ 1367.  Supplemental jurisdiction

(a)    Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b)     In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 USCS § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [28 USCS § 1332].

(c)     The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
    (1)     the claim raises a novel or complex issue of State law,
    (2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3)     the district court has dismissed all claims over which it has original jurisdiction, or
    (4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction. ...

28 USC § 1367.

In its argument, Defendant does not specify whether exercising supplemental jurisdiction is inappropriate pursuant to either 28 USC § 1367(b) or (c). Perhaps that is because both sections favor applying supplemental jurisdiction over Jenkins' two state claims. When evaluating this case pursuant to 28 USC § 1367(c), it is evident that this Court should exercise its discretion to apply supplemental jurisdiction to Jenkins' state claims. Jenkins' claims do not involve complicated or novel issues of state law. Nor do Jenkins' state claims "predominate" over his constitutional claims. This is at its base a case based on Jenkins' right to liberty and Defendant's violation of that right. The right to liberty is a right premised first and foremost in the United States Constitution. *See*

3

Amendment V *Constitution of the United States of America*. 28 USC § 1367(c)(3) is inapplicable as this Court has not dismissed the Constitutional claims. Similarly 28 USC § 1367(c)(4) is inapplicable as there are no exceptional circumstances or compelling reasons for declining jurisdiction.

Declining jurisdiction over Jenkins' state claims pursuant to 28 USC § 1367(b) would be nonsensical. No persons have been made parties in this action pursuant to Rules 14, 19, 20 or 24 of the *Federal Rules of Civil Procedure*. Exercising supplemental jurisdiction is appropriate in this instance.

28 USC § 1367 "authorizes a court to hear supplemental claims to the full extent allowed by 'case or controversy' standard of Article III of the Constitution. The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733 at *19-20 (11th Cir 2006) (citations omitted). The Court should use its discretion to exercise supplemental jurisdiction over the two state law claims in this case.

### III.   THIS ACTION DOES NOT SEEK TO HOLD DEFENDANTS LIABLE UNDER A RESPONDENT SUPERIOR THEORY

The Amended and Restated Complaint clearly brings claims against the named individual defendants for their acts in denying Jenkins his rights under the United States Constitution. The Plaintiff is not pursuing a respondent superior theory. Further both the Complaint and Amended and Restated Complaint sufficiently identify the policy or custom that caused Jenkins injury. *See* Exhibit A & B. Further, in *Canton v. Harris*, 489 U.S. 378, 380 (1989) the Supreme Court held that

inadequate training can be a policy for purposes of municipal liability under § 1983. This is precisely what is alleged in both the Complaint and Amended and Restated Complaint. (Exhibit A & B).

IV.    **WHILE PUNITIVE DAMAGES ARE NOT AVAILABLE AGAINST THE MUNICIPALITY THEY ARE AWARDABLE AGAINST THE INDIVIDUAL DEFENDANTS**

Plaintiff concedes that punitive damages are not available against the City of Clanton. However, "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *See Lambert v. Fulton County*, 253 F.3d 588, 597 (11ᵗʰ Cir. 2001). The Amended and Restated Complaint alleges that the individual Defendants' conduct constituted a reckless or callous indifference to the federally protected rights of Jenkins, and so a punitive damage award is due against those Defendants. *See* Amended and Restated Complaint, Count Three, attached as Exhibit B. Dismissing those claims would therefore be improper.

V.    **THE REQUIREMENTS OF ALABAMA CODE § 11-47-23 AND § 11-47-192 HAVE BEEN SATISFIED**

The claim was filed within six months of the incident Plaintiff claims damages on. Notably, the Plaintiff has ***not*** claimed damages based on the assault and battery he suffered at the hands of Clanton Police on January 1, 2003 as the Defendant seems to claim in its Motion to Dismiss. Rather Plaintiff's claims stem from his unlawful imprisonment from February 28, 2005 through August 26,

2005. Although there is a six-month time requirement for filing a claim against Defendant Clanton pursuant to *Alabama Code* § 11-47-23, that requirement was met.

As stated in Defendant's Brief, Plaintiff filed his claim on February 3, 2006. Plaintiff was still incarcerated on August 26, 2005, less than six months before his filing of the claim. *See* Exhibit A & B. Therefore, the claim was timely as Plaintiff's unlawful imprisonment constituted a continuing tort and therefore time begins to run at the time of his release, August 26, 2005, not the date of his detention. Clanton should be familiar with this rule. In *City of Clanton v. Johnson*, 17 So.2d 669, 672 (1944), the Alabama Supreme Court held that an action against Clanton for an abatable nuisance arising from the operation of the city's sewage system was presented within six months of it accrual despite the fact that the sewer system was installed more than six months prior to the claim being filed. The Court determined that the claim was timely presented because each occurrence of the nuisance constituted a separate cause of action, and the nuisance was still occurring less than six months before the claim was filed. The same logic applies to a liberty depravation case. Jenkins was deprived of his liberty every day he was incarcerated, not just the first. The claim was timely filed within six months of the last day of incarceration. *See also Jackson v. City of Auburn*, 2006 Ala. Civ. App. LEXIS 168 (holding same).

## VI. <u>CONCLUSION</u>

In light of the foregoing and the filing of Plaintiff's Amended and Restated Complaint, Defendant's Motion to Dismiss is due to be denied except as to the punitive damage claims against Defendant as argued in Defendant's Motion to Dismiss.

Respectfully Submitted,


/s/S. Joshua Briskman
S. Joshua Briskman, one of the
Attorneys for Plaintiff,
Jimmy Charles Jenkins


OF COUNSEL:

BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
Phone:  (205) 271-1100
Fax: (205) 271-1108

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2006, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following:

James W. Porter, II, Esq.
Porter, Porter & Hassinger, P.C.
215 21st Street North, Suite 1000
Post Office Box 128
Birmingham, Alabama 35201-0128


/s/S. Joshua Briskman
Of Counsel

7

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

2006 OCT 25 A 10: 34

_____ _. ___ HACKETT, C__
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

| | | |
|---|---|---|
| JIMMY CHARLES JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | 2:06CV963 - MEF |
| THE CITY OF CLANTON, ALABAMA, | ) | |
| a municipal corporation, and its agents, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### PARTIES

1.    Plaintiff Jimmy Charles Jenkins ("Jenkins") is an individual, over nineteen (19) years of age and a resident of Jefferson County, Alabama.

2.    The City of Clanton ("Clanton") is a municipal corporation located in Chilton County, Alabama whose acts as set forth herein were carried out by its agents who at all times acted under the authority of Clanton and under color of law.

### JURISDICTION

3.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this Court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

### FACTS

4.    On or about January 20, 2003 Plaintiff Jenkins was driving his motor vehicle, a 1991 Cadillac Sedan DeVille, in the City of Clanton when he was pulled over by Clanton Police.



EXHIBIT
A

Supposedly Jenkins was stopped because police alleged a complaint was lodged regarding someone in a white Cadillac harassing someone.

5.    Jenkins provided identification upon request but had no license at the time.

6.    Jenkins was asked if he would consent to a search of his vehicle. Jenkins consented to the search.

7.    Then Jenkins was asked if he would consent to the police driving the Cadillac around to the police station, and parking it there as it was close by so they could run a check on Jenkins for outstanding warrants. Jenkins acquiesced.

8.    The Clanton Police put Jenkins in a police car, took him inside the station and handcuffed him to a holding rail. They told him that if they did not find any warrants on him they would give him a ticket for driving while his licence was suspended and not having insurance.

9.    Subsequently, one of the jailers came in and asked him what he was looking at. Jenkins replied "Nothing, what are you looking at?" The jailer proceeded to grab Jenkins by the throat and slammed his head against the wall while Jenkins was still handcuffed to the rail. Then other officers came in and severely beat him while he was handcuffed.

10.    The officers then threw him in a chair and handcuffed and shackled him to it. Jenkins began to hyperventilate. He was not permitted to use the restroom so he eventually was forced to urinate on himself. He was in the chair the rest of the night and most of the day. Then he was released from the chair and processed into jail. Jenkins had a knot behind his ear and thought his wrist was broken. Jenkins was charged with DUI and driving while his license was revoked. He made bond February 10, 2003.

11.    Jenkins showed up for all his court dates, except his last, but as the police still had

his car, he had to take the bus. Jenkins went to court three different times. Each time it was continued.

12.     The last time he was set to go to Court in Clanton in the evening he had a court date in Birmingham on the same day that morning, but did not have the money to pay the fine so he was jailed in Birmingham and did not attend his court date in Clanton.

13.     Jenkins was imprisoned in Birmingham from June until September 23, 2003. Birmingham let him out but told him Clanton had a hold but was not coming to get him.

14.     On February 28, 2005, Clanton arrested him on an Alias Writ for missing court.

15.     He was held in Court without bond and forced to work, often seven days a week, for the benefit of the City of Clanton for approximately half a year.

16.     On August 28, 2005 Jenkins came in from work and was told his case was "no-billed by the grand jury" and was free to go. Court records reflect this, however, there is no grand jury in Municipal Court.

17.     Jenkins has yet to receive his car from Clanton.

<u>COUNT ONE</u>

<u>FALSE IMPRISONMENT</u>

18.     Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

19.     As a result of the actions described above, Plaintiff was unlawfully, wrongfully and maliciously detained by the Defendants for six months.

20.     Plaintiff's detention was for a period of time whereby he was completely and unjustifiably deprived of his liberty without any due process.

3

21.    At all times relevant to this count, Defendants were acting within the line and scope of their employment with Defendant City of Clanton Police Department and/or Municipal Court.

22.    As a proximate consequence, Plaintiff was caused to suffer personal injuries, lost wages, physical pain and discomfort, mental anguish and public embarrassment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands a judgement for compensatory and punitive damages against Defendants, jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs, and any additional relief this Court deems just and proper.

COUNT TWO

DEPRIVATION OF CONSTITUTIONAL RIGHTS

23.    Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

24.    Defendant City of Clanton is that entity responsible for the  training, hiring, supervision and/or control of its agents, Defendant Police Officers and Court Personnel.

25.    Due to the actions or inactions of its agents, the City of Clanton is  liable to Plaintiff for the injuries and damages he sustained as follows:

a.    Defendant City of Clanton was deliberately indifferent to Plaintiff's rights and needs in that:

i.    it failed to adequately train and supervise its agents, making it deliberately indifferent to the Plaintiff's constitutional rights;

ii.    a reasonable person in its position would know that its failure to train and supervise reflected deliberate indifference; and/or

4

       iii.     its conduct was causally related to the constitutional infringement by its agents;

b.     Defendant City of Clanton is responsible under 42 U.S.C. § 1983 supervisory liability in that:

       i.     it had actual or constructive knowledge that its agents were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff;

       ii.     its response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offensive practices; and/or

       iii)     there was a causal link between the supervisor's inaction and Plaintiff's constitutional injury;

c.     Had Defendant City of Clanton exercised its duties to instruct, supervise, control and discipline on a continuing basis, they should have had knowledge that the wrongs done were about to be or were being committed;

d.     Defendant City of Clanton had power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, instead of the recklessness or gross negligence it displayed in its failure to do so; and/or

e.     Defendant City of Clanton approved or ratified the constitutional deprivations set forth above; and/or

f.     These supervisor's actions/inactions otherwise resulted in a denial of Plaintiff's constitutional rights.

26.    As a direct and proximate result of the actions and/or inactions of Defendant City of Clanton, Plaintiff suffered injuries and damages in connection with the deprivation of his constitutional and statutory rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against Defendant City of Clanton and its agents for injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

COUNT THREE

DEPRIVATION OF CONSTITUTIONAL RIGHTS

27.    Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

28.    The facts set forth in the preceding paragraphs constitute deprivation of Plaintiff's constitutional and statutory rights guaranteed by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against Defendant City of Clanton and its agents for injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

<u>COUNT FOUR</u>

<u>CONVERSION</u>

29.     Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

30.     Defendants have withheld possession and exercised dominion over personal property of Plaintiff Jenkins, specifically but not limited to a 1991 Cadillac Sedan DeVille.

31.     Defendants have thereby denied Plaintiff the use and enjoyment of said automobile without justification.

32.     As a proximate result of the conversion, Plaintiff has suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby makes claim against Defendants as a result of said conversion by Defendants, in the amount of compensatory and punitive damages to be determined by a jury, and such further relief this Plaintiff may be entitled to recover.

Respectfully submitted,

William J. Baxley
Donald R. James, Jr.
S. Joshua Briskman
Attorneys for Plaintiff

OF COUNSEL:

BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
Phone:  (205) 271-1100
Fax: (205) 271-1108

7

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY

S. Joshua Briskman

Plaintiff's Address:
c/o BAXLEY, DILLARD, DAUPHIN
    MCKNIGHT & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233


Defendants' Address:

City of Clanton
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580

8

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY CHARLES JENKINS,     )
                                )
     Plaintiff,          )
                                )     CIVIL ACTION NO.
v.                          )
                                )     2:06-CV-963-MEF
THE CITY OF CLANTON, ALABAMA,     )
a municipal corporation, and its agents;     )
J.D. DAVIS, in his individual and official     )
capacity as a Police Officer of the City of     )
Clanton; JAMES HENDERSON, in his     )
individual and official capacity as Chief     )
of Police of the City of Clanton; and     )
VELMA L. TINSLEY, in her individual     )
capacity and official capacity as the     )
Clerk of the Municipal Court of the     )
City of Clanton,     )
                                )
     Defendants.     )

## AMENDED AND RESTATED COMPLAINT

### PARTIES

1.     Plaintiff Jimmy Charles Jenkins ("Jenkins") is an individual, over nineteen (19) years of age and a resident of Jefferson County, Alabama.

2.     The City of Clanton ("Clanton") is a municipal corporation located in Chilton County, Alabama whose acts as set forth herein were carried out by its agents who at all times acted under the authority of Clanton and under color of law.

3.     J.D. Davis ("Davis") is and was at all relevant times a Police Officer for the City of Clanton.



4.    James Henderson ("Henderson") is and was at all relevant times Chief of Police of the City of Clanton.

5.    Velma L. Tinsley ("Tinsley") is and was at all relevant times the Clerk of the Municipal Court of the City of Clanton.

<u>JURISDICTION</u>

6.    Jurisdiction is proper in this Court pursuant to 28 USC § 1331 as this Court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

<u>FACTS</u>

7.    On or about January 20, 2003 Plaintiff Jenkins was driving his motor vehicle, a 1991 Cadillac Sedan DeVille, in the City of Clanton when he was pulled over by Clanton Police. Supposedly Jenkins was stopped because police alleged a complaint was lodged regarding someone in a white Cadillac harassing someone.

8.    Jenkins provided identification upon request but had no license at the time.

9.    Jenkins was asked if he would consent to a search of his vehicle. Jenkins consented to the search.

10.    Then Jenkins was asked if he would consent to the police driving the Cadillac around to the police station, and parking it there as it was close by so they could run a check on Jenkins for outstanding warrants. Jenkins acquiesced.

11.    The Clanton Police put Jenkins in a police car, took him inside the station and handcuffed him to a holding rail. They told him that if they did not find any warrants on him they would give him a ticket for driving while his licence was suspended and not having insurance.

2

12.    Subsequently, one of the jailers came in, who is believed to be Davis, and asked him what he was looking at. Jenkins replied "Nothing, what are you looking at?" Davis proceeded to grab Jenkins by the throat and slammed his head against the wall while Jenkins was still handcuffed to the rail. Then other officers came in and severely beat him while he was handcuffed.

13.    The officers then threw him in a chair and handcuffed and shackled him to it. Jenkins began to hyperventilate. He was not permitted to use the restroom so he eventually was forced to urinate on himself. He was in the chair the rest of the night and most of the day. Then he was released from the chair and processed into jail. Jenkins had a knot behind his ear and thought his wrist was broken. Jenkins was charged with DUI and driving while his license was revoked. He made bond February 10, 2003.

14.    Jenkins showed up for all his court dates, except his last, but as the police still had his car, he had to take the bus. Jenkins went to court three different times. Each time it was continued.

15.    The last time he was set to go to Court in Clanton in the evening he had a court date in Birmingham on the same day that morning, but did not have the money to pay the fine so he was jailed in Birmingham and did not attend his court date in Clanton.

16.    Jenkins was imprisoned in Birmingham from June until September 23, 2003. Birmingham let him out but told him Clanton had a hold but was not coming to get him.

17.    On February 28, 2005 Clanton arrested him on an Alias Writ for missing court.

18.    He was held in Court without bond and forced to work, often seven days a week, for the benefit of the City of Clanton for approximately half a year. Although Jenkins repeatedly told

3

Davis and others that he had not been before a Judge, nothing was done about Jenkins being held without due process.

19.     On August 28, 2005 Jenkins came in from work and was told his case was "no-billed by the grand jury" and he was free to go.  Court records prepared by Tinsley reflect this, however, there is no grand jury in Municipal Court.

20.     Jenkins has yet to receive his car from Clanton.

COUNT ONE

FALSE IMPRISONMENT

21.     Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

22.     As a result of the actions described above, Plaintiff was unlawfully, wrongfully and maliciously detained by the Defendants for six months.

23.     Plaintiff's detention was for a period of time whereby he was completely and unjustifiably deprived of his liberty without any due process.

24.     At all times relevant to this count, Defendants were acting within the line and scope of their employment with Defendant City of Clanton Police Department and/or Municipal Court and under color of law.

25.     As a proximate consequence, Plaintiff was caused to suffer personal injuries, lost wages, physical pain and discomfort, mental anguish and public embarrassment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands a judgement for compensatory and punitive damages against Defendants, jointly and severally, for the injuries and

4

damages suffered by him in an amount to be determined by a jury, court costs, and any additional relief this Court deems just and proper.

<u>COUNT TWO</u>

<u>DEPRIVATION OF CONSTITUTIONAL RIGHTS</u>

26.    Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

27.    Defendants City of Clanton and Henderson are responsible for the training, hiring, supervision and/or control of its agents, Defendant Officer Davis and other Officers not yet known.

28.    Due to the actions or inactions of Henderson and/or City of Clanton these Defendants are liable to Plaintiff for the injuries and damages he sustained as follows:

    a.    Defendants were deliberately indifferent to Plaintiff's rights and needs in that:

        I.    they failed to adequately train and supervise their agents, making them deliberately indifferent to the Plaintiff's constitutional rights;

        ii.    a reasonable person in their position would know that their failure to train and supervise reflected deliberate indifference; and/or

        iii.    their conduct was causally related to the constitutional infringement by their agents;

    b.    Defendants are responsible under 42 USC § 1983 for supervisory liability in that:

        I.    they had actual or constructive knowledge that their agents were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff;

5

      ii.     their response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offensive practices; and/or

      iii)    there was a causal link between the supervisor's inaction and Plaintiff's constitutional injury;

c.     Had Defendants exercised their duties to instruct, supervise, control and discipline on a continuing basis, they should have had knowledge that the wrongs done were about to be or were being committed;

d.     Defendants had power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, instead of the recklessness or gross negligence they displayed in their failure to do so; and/or

e.     Defendants approved or ratified the constitutional deprivations set forth above; and/or

f.     These supervisor's actions/inactions otherwise resulted in a denial of Plaintiff's constitutional rights.

29.    As a direct and proximate result of the actions and/or inactions of Defendants, Plaintiff suffered injuries and damages in connection with the deprivation of his constitutional and statutory rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 USC § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against Defendants for injuries and damages suffered by him in an amount to

be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

## COUNT THREE

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

30.     Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

31.     The facts set forth in the preceding paragraphs constitute a reckless or callous indifference to the rights of Plaintiff and constitute a deprivation of Plaintiff's constitutional and statutory rights guaranteed by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 USC §1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment for compensatory and punitive damages against all Defendants for injuries and damages suffered by him in an amount to be determined by a jury, court costs, attorneys' fees and any additional relief this Court deems just and proper.

## COUNT FOUR

## CONVERSION

32.     Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

33.     Defendants have withheld possession and exercised dominion over personal property of Plaintiff Jenkins, specifically but not limited to a 1991 Cadillac Sedan DeVille.

34.     Defendants have thereby denied Plaintiff the use and enjoyment of said automobile without justification.

7

35.     As a proximate result of the conversion, Plaintiff has suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby makes claim against Defendants as a result of said conversion by Defendants, in the amount of compensatory and punitive damages to be determined by a jury, and such further relief this Plaintiff may be entitled to recover.

COUNT FIVE

NEGLIGENCE

36.     Plaintiff adopts and incorporates each of the preceding paragraphs as if herein set forth.

37.     The injuries suffered by Plaintiff Jenkins made the subject of this Complaint occurred due to the negligence, carelessness and/or unskillfulness of Defendants while same were acting within the line and scope of their employment with the Defendant City of Clanton.

38.     As a proximate consequence of Defendants' negligent, careless and/or unskillful actions, Plaintiff was caused to be deprived of his liberty for a period of six months without due process of law. Further Plaintiff suffered embarrassment, humiliation, mental anguish and emotional distress as a result of his lengthy unlawful confinement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for compensatory damages against Defendants jointly and severally, for the injuries and damages suffered by him in an amount to be determined by a jury, court costs and any other relief this Court deems just and proper.

Respectfully Submitted,


/s/S. Joshua Briskman
S. Joshua Briskman, one of the
Attorneys for Plaintiff,
Jimmy Charles Jenkins

OF COUNSEL:

BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
Phone:  (205) 271-1100
Fax: (205) 271-1108


**JURY DEMAND**

PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY


/s/S. Joshua Briskman
S. Joshua Briskman


Defendants' Address:

J.D. Davis
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580

James Henderson
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580

9

Velma L. Tinsley
City Hall
505 2nd Avenue North
P.O. Box 580
Clanton, Alabama 35046-0580

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of December, 2006, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following:

James W. Porter, II, Esq.
Porter, Porter & Hassinger, P.C.
215 21st Street North, Suite 1000
Post Office Box 128
Birmingham, Alabama 35201-0128


/s/S. Joshua Briskman
Of Counsel

**ERSKINE MATHIS AND ASSOCIATES**
**ATTORNEY AT LAW**
**2107 5ᵗʰ AVENUE NORTH**
**AGE HERALD BUILDING, SUITE 201**
**BIRMINGHAM, ALABAMA 35203**

**ERSKINE R. MATHIS**

**OFFICE (205) 252-1111**
**FAX    (205) 320-1922**

February 3, 2006

City Clerk,
Clanton City Hall,
P.O. Box 580
Clanton, Alabama 35046

                    Re:  Jimmy Charles Jenkins
                         DOB: 9/3/63
                         SS# 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
                         Date of Arrest: on or about 1/20/2003

                    STATUTORY CLAIM

    At about 8:00 PM on  1/20/03, Defendant was driving a 1991
Cadillac Sedan DeVille in the City of Clanton when he was pulled
over by Clanton P.D.. They said they got a call that someone in
a white caddy was harassing someone. They asked for DL or ID.
He said he had ID but no license. They asked to search the
vehicle. He consented to search. They then asked if he minded
if an officer drove his car to the station since it was just
around the corner. He said OK. They put him in a police car and
followed his car to the station. They took him inside and
handcuffed him to the holding rail. They said if they did not
find anything they would give him a ticket for Driving while
Suspended and No Insurance. One of the jailers came in and asked
what he was looking at. He said "Nothing, what are you looking
at?" The jailer grabbed him by the throat and slammed his head
against the wall while he was handcuffed to the rail. Other
officers came and handcuffed him and beat him. They threw him in
a chair with handcuffs and shackles attached to it. He started
hyperventilating. They would not let him go to the bathroom so
he eventually urinated on himself. They kept him in that chair
the rest of the night and most of the next day. They released
him and told him to take his clothes off. They gave him a jail
uniform and assigned him to a cell. He had a knot behind his ear
and thought his left wrist was broken. They let him out of the
cell the next day. He made bond on Feb. 10, 2003. He had
been charged with Driving Under the Influence and Driving While
License Revoked. Defendant showed up for all his court dates, but
since they still had his car, he had to take the bus. Defendant
went to court three different times. They continued it each
time. The last court date was at the same time he had to be in
city Court in Birmingham. City court was 9:00 AM and Clanton
Court was 5:00 PM. He did not have money for his fine so he was
put in jail to serve out the time. He missed court in Clanton.

**EXHIBIT**

C

ALL-STATE LEGAL®

Stayed in jail from June until September 23, 2003. They let him out and said Clanton had a hold but was not coming to get him. He got out.

On February 28, 2005, Clanton arrested him on an Alias Writ for missing court. They held him in jail without bond. He worked for the city of Clanton everyday, sometimes seven days a week. On August 26, 2005, he came in from work at 5:30 PM and they gave him paper work showing his case was no billed by the grand jury and he was free to go. Defendant still does not have his car, which was confiscated the day he was originally arrested.

This letter is formal notice pursuant to Section 11-47-23, 11-47-190, and 11-47-192 of the Code of Alabama, 1975, of his claim against the City for trespass, assault, wrongful arrest, caused by unauthorized or wrongful acts, or negligence, unskillfulness or carelessness of the City of Clanton, it's agents, servants and employees.

Yours truly,

Erskine R. Mathis

State of Alabama
Jefferson County

My name is Jimmy Charles Jenkins, and I have read the preceding letter and swear that what it says is true.

Jimmy Charles Jenkins

Subscribed and sworn to this the 3rd day of February, 2006.

Notary Public