IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jimmy Charles Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER 2:06-CV-963-MEF |
| | ) | |
| THE CITY OF CLANTON, ALABAMA, et al. | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

## RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN DISMISS

Comes now the City of Clanton, Alabama, a municipal corporation, ("the City") and its unnamed agents to file this Response to the plaintiff's Opposition to their Motion to Dismiss and in further Support of the Motion to Dismiss states as follows:

The plaintiff's response in opposition to the Defendants' Motion to Dismiss relies on his "Amended and Restated Complaint." Plaintiff's Response, p.p. 2-6. The plaintiff's Amended Complaint was filed after the pending Motion to Dismiss was filed. Only the plaintiff's Original Complaint is at issue in regards to the pending Motion to Dismiss. The Defendants will reserve their objections to the plaintiff's recently filed Amended Complaint for a separate pleading to be filed on or by January 12, 2007, as per the Court's most recent Order.

In his response, the plaintiff concedes that he cannot pursue a claim under the theory of *respondeat superior*. See Plaintiff's Response, p.p. 4-5. Instead, the plaintiff states that he is pursuing his § 1983 claim on the basis of a City policy or custom that caused his injury and that he *sufficiently identified in both the Complaint and Amended and Restated Complaint*. As previously stated, the Amended and Restated Complaint is not the subject of the pending Motion

to Dismiss. It is clear from the Original Complaint that the plaintiff was relying on the theory of *respondeat superior* for his § 1983 claim. See Complaint. For example, in Count Two of the Complaint, alleging a "Deprivation of Constitutional Rights", the plaintiff alleges that "due to the actions or inactions of its agents, the City of Clanton is liable to plaintiff for the injuries and damages he sustained.... ." Complaint, p. 4, ¶ 25.

A prima facie reading of the Complaint shows that the plaintiff's § 1983 is alleged solely on theory of *respondeat superior*. Even the plaintiff concedes that he cannot pursue his § 1983 based on this theory. See Plaintiff's Response, p.p. 4-5. Furthermore, the plaintiff's unsupported statement in his response in opposition that he "sufficiently identif[ied] the policy or custom that caused [his] injury" is completely false. See Plaintiff's Response, p.p. 4-5; see Complaint. The plaintiff never identified a policy or custom of the City's that gave rise to any of the plaintiff's alleged injuries. Thus, the plaintiff has failed to satisfy a pleading requirement for his § 1983 claim.

As shown above in the brief filed in support of the pending Motion to Dismiss, the plaintiff's federal claims are due to be dismissed. The plaintiff's state law claims substantially predominate over her federal claims. When a state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," it is within the inherent power of the Court to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(2). There would be no resulting unfairness by making the plaintiff pursue his state law claims in state court. Discovery has not yet even been commenced.

The only other argument raised by the plaintiff, in his response in opposition to the pending Motion to Dismiss, addressed the State of Alabama's notice requirements under § 11-

47-23 and § 11-47-192 of the Code of Alabama (1975).  The plaintiff argues in his response, for the first time, that his claims "stem from his [alleged] unlawful imprisonment from February 28, 2005 through August 26, 2005."  Plaintiff's Response, p.p. 5-6.  The facts as alleged in the plaintiff's Complaint clearly state that the incident forming the basis of the plaintiff's complaint occurred on or about January 20, 2003.  See Complaint, ¶ 4.  Therefore, the plaintiff's claims in Counts One through Four began to accrue on that date.  However, the plaintiff did not present a sworn notice of claim with the City Clerk until February 3, 2006.  See Notice of Claim, **Exhibit 1** of the Evidentiary Submissions.   Therefore, the plaintiff did not give proper notice to the City within the six month statutory time limit.

The plaintiff failed to address the immunities and defenses raised by the defendants in his response to their Motion to Dismiss.  See Plaintiff's Response.  However, the plaintiff did concede that he cannot recover punitive damages from the City.  See Plaintiff's Response, p.5.

## CONCLUSION

From a prima facie reading of the Complaint, the plaintiff has failed to state a claim against the City under federal law for which relief can be granted.  The City is entitled to a judgment as a matter of law on the plaintiff's federal claims.

The City petitions the Court not to exercise supplemental jurisdiction over the plaintiff's Alabama state law claims.  The state law claims predominate over the federal claims, and this is particularly true since the plaintiff's federal claims against the City are due to be dismissed.

In the alternative, should the Court decide to exercise supplemental jurisdiction over the plaintiff's Alabama state law claims, the defendants move for the dismissal of those Counts. Even if the plaintiff is allowed to raise those claims in this forum, he has failed to state a claim under Alabama state law for which relief may be granted.

3

As a matter of law, there are no grounds permitting the plaintiff a recovery. The City's Motion to Dismiss is due to be granted in its favor.

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendant, The City of Clanton, Alabama
State Bar ID ASB 3314 T79J
State Code POR001

/s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the
Attorneys for Defendant, The City of Clanton, Alabama
State Bar ID ASB 6494 A55D
State Code DAU007

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
Fax: (205) 322-1750

*CERTIFICATE OF SERVICE*

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the  2 day of January, 2007 . If Notice of Electronic Filing indicates that Notice needs to be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin,
  McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

/s/ James W. Porter II
OF COUNSEL