IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jimmy Charles Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER 2:06-CV-963-MEF |
| | ) | |
| THE CITY OF CLANTON, ALABAMA, et al. | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

**MOTION TO DISMISS AMENDED COMPLAINT**

The City of Clanton, Alabama, a municipal corporation, Police Chief James Henderson, Police Officer J. D. Davis and Municipal Court Clerk Velma L. Tinsley, file this their Motion to Dismiss Amended Complaint and say:

1. The complaint fails to state a claim upon which relief can be granted.

2. The plaintiff has failed to strictly comply with § 11-47-23 and § 11-47-192, Code of Alabama, 1975, as amended ("Code").

3. The complaint fails to state a claim upon which relief can be granted pursuant to § 11-47-190, Code.

4. The complaint fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1331 jurisdiction.

5. The complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

6. The complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of Respondeat Superior.

7. The complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

8. The complaint is barred by the pertinent statute of limitations and/or the doctrine of laches.

9. The plaintiff has failed to join necessary and indispensable parties to this action.

10. The Defendants contest the form and sufficiency of process and of service of process.

11. The plaintiff lacks standing to bring this cause of action.

12. Defendants plead all available doctrines of immunity and privilege.

13. The complaint fails to state a claim for False Imprisonment (Count One) upon which relief can be granted.

14. The complaint fails to state a claim for Deprivation of Constitutional Rights/Failure to Train, (Count Two) upon which relief can be granted.

15. The complaint fails to state a claim for Deprivation of Constitutional Rights pursuant to the Fifth, Eighth and Fourteenth Amendments (Count Three) upon which relief can be granted.

16. The complaint fails to state a claim for Conversion (Count Four) upon which relief can be granted.

17. The complaint fails to state a claim for Negligence (Count Five) upon which relief can be granted.

18. The Defendants are immune from punitive damages in this action.

19. The Defendants plead Section 6-11-26 of the <u>Code of Alabama (1975).</u>

20. The plaintiff has failed to mitigate his damages.

21. Defendants plead all forms and doctrines of waiver and estoppel.

22. Defendants plead all defenses, immunities and indemnities as provided by § 11-47-190, et seq.

23. Defendants plead that plaintiff's claims are barred by the previous adjudication of guilt in the underlying criminal charges.

24. The Defendants reserve its right to amend this Motion to Dismiss during the discovery process.

## ORAL ARGUMENT REQUESTED

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendant, The City of
Clanton, Alabama
State Bar ID ASB 3314 T79J
State Code POR001

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the  23 day of January, 2007 .  If Notice of Electronic Filing indicates that Notice needs to be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin,
  McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

          /s/ James W. Porter II
          OF COUNSEL