IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY CHARLES JENKINS,         )
                                 )
        Plaintiff,           )
                                 )
v.                           )     CIVIL ACTION NO. 2:06-CV-963-MEF
                                 )             [WO]
THE CITY OF CLANTON,        )
ALABAMA, *et al.*            )
                                 )
        Defendants.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is Defendants' *Motion to Dismiss Amended Complaint and Brief in Support of Motion to Dismiss* under Fed. R. Civ. P. 12(b)(6).  (Doc. # # 17, 22).  In these filings, Defendants assert numerous procedural and substantive grounds to dismiss *Plaintiff's Amended Complaint,* (Doc. # 15).  Upon consideration of the Defendants' motion, the court recommends that the motion is due to be granted in part and denied in part.

## I.  BACKGROUND

On October 26, 2006, Plaintiff Jimmy Charles Jenkins' ("Jenkins") filed this 42 U.S.C. § 1983 ("Section 1983) action for declaratory and monetary relief arising from alleged violations of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, all occurring during his incarceration as a pre-trial detainee in the Clanton City Jail from January 23, 2003 through February 10, 2003, and again from February 25, 2005 through August 28, 2005.

Jenkins' action alleges that his rights were violated by the City of Clanton, Alabama, through its employees, Defendant J.D. Davis ("Davis"), in his individual capacity as a police officer of the City of Clanton; Defendant James Henderson ("Henderson"), in his individual and official capacity as Chief of Police of the City of Clanton; and Defendant Velma L. Tinsley ("Tinsley"), in her individual and official capacity as the Clerk of the Municipal Court of the City of Clanton. (Doc. #1). In addition to the alleged violations of his federal rights, Jenkins asserts claims for false imprisonment, conversion, and negligence under Alabama state law.

Jenkins' federal claims spring from his allegations that he was (1) beaten by several Clanton police officers while handcuffed to a holding rail; (2) treated inhumanely with regard to his bodily functions;  and (3) held against his will without due process of law for approximately six months, and, that during this period of unlawful detention, he was forced to work for the City of Clanton on a daily basis. (Doc. #15, at ¶ ¶ 12-13, 18).

 After filing an unopposed motion to amend his original *Complaint*, Jenkins amended and restated his claims. (Doc. # 15). Defendants filed a *Motion to Dismiss Amended Complaint* which alleges various grounds for dismissal under federal and state law. (Doc. # 17). The court now addresses whether any or all of Jenkins' claims can survive the Defendants' motion

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates "beyond

2

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Fuller v. Johannessen*, 76 F.3d 347, 349-50 (11th Cir. 1996). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord, Swierkiewicz v. Sorema, N.A.,* 515 U.S. 506, 515 (2002); *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). Courts have recognized that "the threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim." *Hawkins v. City of Greenville,* 101 F.Supp.2d 1356, 1359 (M.D. Ala. 2000), quoting *Ancata v. Prison Health Services, Inc*., 769 F.2d 7000, 703 (11th Cir. 1985).

The court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. *Conley v. Gibson*, 355 U.S. at 48; *Hishon, id.*; *Fuller, id.* The duty to construe a complaint liberally, however, is not the equivalent of a duty to re-write the complaint. *Conley, id., Peterson v. Atlanta Hous. Auth.,* 998 F.2d 904, 912 (11th Cir. 1993). Only "well-pleaded facts" and "reasonable inferences drawn from those facts" should be accepted, *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County*, 268 F.3d

3

1014, 1036 n. 16 (11th Cir. 2001).  A dispositive point of law may provide a basis for the

dismissal of a complaint.  *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,*

992 F.2d 1171, 1174 (11th Cir. 1993).

### III. DISCUSSION

**A.  Jurisdiction**

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331, 1343, and 1367.

**B.  Jenkins' Federal Claims**

Jenkins can only prevail on his federal claims under § 1983 if he demonstrates that

a  right secured by the United States Constitution was violated, and that such violation

was committed by a person acting under color of state law.[1]  The Supreme Court has

explained that "§ 1983 is not itself a source of substantive rights, but merely provides a

method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S.

386, 393-94, 109 S.Ct. 1865 (1989) (internal quotes omitted).  Because "[t]he first inquiry

in any § 1983 suit" is "to isolate the precise constitutional violation with which [the

---

[1]Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

defendant] is charged," this court's review of the pending motion necessitates a review of which rights Jenkins may assert under the facts set forth in his *Amended and Restated Complaint. Id.* at 394, quoting *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689 (1979). The court cautions that this review does not address the relative merit of Jenkins' claims, nor the substantive and procedural defenses asserted by Defendants. *See Hawkins, id.* at 1363 (noting that non-jurisdictional defenses are not evaluated at motion to dismiss stage).

### 1. The First Amendment Claim

The Supreme Court has recognized that "imprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment." *Beard v. Banks*, 548 U.S. ___, 126 S.Ct. 2572, 2577 (2006), citing *Turner v. Safley*, 482 U.S. 78, 93, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). "A prisoner states a First Amendment violation when it is shown that jail officials penalized the inmate for the exercise of free speech rights." *Newsome v. Lee County*, 431 F.Supp.2d 1189, 1196 (M.D. Ala. 2006), citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Jenkins pleads that the beating which he allegedly suffered was in response to his statement to an officer "who is believed to be Davis." (Doc. #15, at ¶ 12). Thus, Jenkins' assertion that his First Amendment rights were violated presents a cognizable claim upon which he is entitled to proceed at this stage, and the court recommends that the District Court deny the motion to dismiss as to this claim.

## 2. *The Fourth Amendment Claim*

In general, the Fourth Amendment prohibits citizens from unreasonable searches and seizures, and, in the context of § 1983, protects against excessive force by an officer in the course of an "arrest, investigatory stop, or other 'seizure' of a free citizen." *Graham, id*. at 395. "[T]he Supreme Court has never held that the Fourth Amendment creates a cause of action for claims of excessive force administered after arrest, while the plaintiff is a pretrial detainee." *Jordan v. Cobb County, Georgia*, 227 F.Supp.2d 1322, 1337 (N.D. Ga. 2001).

It is unclear from the facts set forth by Jenkins whether he was already under arrest at the time of the allegedly excessive force by the officer(s), and was therefore a pretrial detainee. (Doc. #15, at ¶ ¶ 11-12). The *Amended and Restated Complaint* clearly pleads that Jenkins was handcuffed to a holding rail, and any beating which may have occurred was not pursuant to a "seizure" as contemplated by *Graham*. Therefore, the court concludes that Jenkins was a pretrial detainee, and that his rights are secured through the Fourteenth Amendment, rather than the Fourth. *See Graham, id.* at 395, n.10 ("It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *see also Newsome, id.* at 1198 ("The Due Process Clause of the Fourteenth Amendment supplies the applicable legal standards for claims involving state or local mistreatment of pretrial detainees . . . .) Accordingly, the court recommends that Defendants' motion to dismiss Jenkins' Fourth Amendment claim be granted.

6

### 3. The Fifth Amendment Claim

Jenkins asserts a violation of his Fifth Amendment rights.  The Due Process Clause

of the Fifth Amendment only applies to action by the federal government.  *Newsome, id*.

Jenkins does not claim any federal actors violated his Fifth Amendment rights, thus the

court recommends that the District Court dismiss the Fifth Amendment claim.

### 4. The Eighth Amendment Claim

Jenkins pleads he was neither convicted of any crime arising from the initial traffic

stop by Clanton police, nor of any other violations charged by the City of Clanton.  (Doc.

#15, at ¶ ¶ 18-19).  Without a change of status from pretrial detainee to convict during the

events alleged, Jenkins cannot raise a claim under the Eighth Amendment.  *See Newsome,*

*id*. at 1199, n.5.  Accordingly, the court recommends that the District Court dismiss the

Eighth Amendment claim.

### 5. The Fourteenth Amendment Claim

A pretrial detainee such as Jenkins may pursue a Fourteenth Amendment claim.

*Newsome*, *id*. at 1199, citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979).

Even a cognizable Fourteenth Amendment claim must survive the legal defenses put forth

by the defendants.  If dispositive, a legal defense may be grounds to dismiss a Fourteenth

Amendment claim.  *Marshall County Bd. of Educ., id.*

### C. The Federal Defenses

A municipality is not liable under § 1983 where a plaintiff pins liability on a

theory of *respondeat superior*.  *Monell v. Department of Social Services*, 436 U.S. 658,

98 S.Ct. 2018 (1978); *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1999).

A local government is liable under § 1983 "when the execution of a government's policy

or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

said to represent official policy, inflicts the injury." *Mandel v. Doe*, 888 F.2d 783, 791

(11th Cir. 1989), (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). Consequently, the City

of Clanton is not liable to Jenkins in its role as the employer of the officers who allegedly

beat Jenkins. The City of Clanton is liable if Jenkins proves the violations were either

officially sanctioned or ordered, or occurred pursuant to an official "custom" or "policy"

of the City. *See Jordan, id*. at 1344.

The Eleventh Circuit holds that "[T]he defense of qualified immunity completely

protects government officials performing discretionary functions from suit in their

individual capacities unless their conduct violates "clearly established statutory or

constitutional rights of which a reasonable person would have known." *Gonzalez v.

Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739,

122 S.Ct. 2508). Qualified immunity protects "from suit all but the plainly incompetent

or one who is knowingly violating the federal law." *Id*. (quoting *Lee v. Ferraro*, 284 F.3d

1188, 1194 (11th Cir. 2002). *Gonzalez* further recommends that "questions of qualified

immunity be resolved 'at the earliest possible state in litigation.'" *Id*. (quoting *Hunter v.

Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991).

Jenkins has the burden of proof to demonstrate the official is not entitled to

qualified immunity when an official named in a lawsuit alleges he was engaged in a

discretionary function.  *Newsome, id*. at 1195, citing *Crosby v. Monroe County*, 394 F.3d

1328, 1332 (11th Cir. 2004). *Id*.  Further, *Newsome* set forth the Supreme Court's two-part

test for determining whether qualified immunity applies.  "The initial inquiry focuses on

whether the plaintiff's allegations, if considered true, show that the officer violated a

constitutional right."  *Id*., citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151

(2001).  If the officer did behave in an unconstitutional manner, "the analysis turns to

whether the right in question was clearly established so that the officer had fair warning

that his or her conduct was constitutionally prohibited."  *Id*.

### 1.  *The City of Clanton*

Jenkins' charges that the City of Clanton played a part in the alleged violations is a

mix of *respondeat superior* and "tacit authorization" theories.  (Doc. #15, at ¶ ¶ 27-28).

The court's discussion above gives notice to Jenkins that the City will not be liable

merely because it employs the person or person(s) who allegedly harmed him.  The court

recommends that Jenkins be allowed to develop his claims that the City's custom or

policy violated his constitutionally guaranteed rights, and that the District Court deny the

motion to dismiss to this extent.

### 2.  *J.D. Davis and Other Unknown Officers*

"Institutional necessity requires that the use of physical coercion on a detainee be

'deemed legitimate in a custodial setting as long as it is applied in a good faith effort to

maintain or restore discipline and not maliciously and sadistically to cause harm.'"

*Newsome*, *id*. at 1199 (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002).

9

Where protagonists act with a malicious and sadistic purpose, "there is simply no room for a qualified immunity defense." *Id.* Should Jenkins be able to prove his specific allegations that "Defendant J.D. Davis" and "other unknown officers" violated his constitutional rights in the manner set forth in his *Amended and Restated Complaint*, he would likely defeat any qualified immunity defense raised by the officers.

Defendants maintain that the City of Clanton has never employed a police officer named J.D. Davis. (Doc. #23-2). Jenkins alleges both that "Davis" is a "Police Officer for the City of Clanton," and a "jailer." (Doc. #15, at ¶ ¶ 1, 12). The court believes that Jenkins should be able to proceed against "Davis," but urges him to correctly identify "Davis," and "other officers not yet known" as soon as possible. (Doc. #15, at ¶ ¶ 12, 27). *See Harris v. Beaulieu Group, LLC*, 394 F.Supp.2d 1348, 1356-57 (M.D. Ala. 2005), quoting *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 578 (7th Cir. 1995) (recognizing that "eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction," but holding that the plaintiff's "initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit[;][d]ismissal would gratuitously prevent [plaintiff] from using the tools of pretrial discovery to discover the defendants' identity.") Accordingly, the court recommends that the District Court deny the motion to dismiss as to "Officer Davis" and other officers at this time.

### 3. James Henderson

Jenkins' only direct reference to Defendant Henderson occurs in the context of his

responsibility for the "training, hiring, supervision and/or control of its agents, Defendant Officer Davis and other Officers yet unknown." (Doc. #15, at ¶ ¶ 27-28). It is not alleged that Henderson personally knew of or participated in any violation of Jenkins' rights. "It is well established in this circuit that supervisory officials are not liable for the unconstitutional acts of their subordinates." *Gonzalez, id*. at 1234 (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal citation omitted). A supervisory official can be found liable "when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiffs, and his conduct was causally related to the constitutional violation committed by his subordinate." *Id*. The court recommends that Jenkins be allowed to develop his claims that Henderson can be held liable under *Gonzalez*, and that the District Court deny the motion to dismiss at this time.

### 4. *Velma L. Tinsley*

Jenkins' only direct reference to Defendant Tinsley states that she prepared the document(s) showing that "his case was 'no-billed by the grand jury.'" (Doc. #15, at ¶ 19). Jenkins does not link this lone official act by Tinsley, in her official capacity as Clerk of the Municipal Court of the City of Clanton, to any alleged deprivation of his rights. The court cannot gather from the facts set forth in Jenkins' pleadings, even if proven true, how Tinsley is liable in her individual or official capacity for the alleged deprivations. Accordingly, the court recommends that the District Court dismiss Tinsley as a defendant as to all federal claims.

**D.  Jenkins' State Claims**

Jenkins alleges the City of Clanton and its employees committed the intentional

torts of false imprisonment, conversion, and negligence against him.  (Doc. # 15, ¶ ¶ 21-

25; 32-35; and 36-38).  The City asserts that it is protected from suit against intentional

torts under Alabama Code § 11-47-90.[2]  (Doc. # 15-20).  A plain reading of the statute

shows the City remains liable when its employees demonstrate "neglect, carelessness or

unskillfulness" while "acting in the line of his or her duty . . . ."  Ala. Code § 11-47-90

(1975).  Absent sufficient factual development regarding the actions of the City's

employees, this court cannot determine whether the City is actually shielded by this

provision.  The court recommends that the District Court deny the motion to dismiss as to

the intentional torts charged under state law in the *Amended and Restated Complaint.*

**E.  Punitive Damages**

Any defendant found liable under § 1983 in his individual capacity may be subject

to punitive damages.  *Fleming v. Dowdell*, 434 F.Supp.2d 1138, 1146 n.6 (M.D. Ala.

2005).  Jenkins concedes that the City of Clanton cannot be liable for punitive damages.

The court recommends that the District Court dismiss the claim for punitive damages

against the City.

---

[2]Alabama Code § 11-47-90 (1975) states in relevant part

No city or town shall be liable for damages for injury done to or wrong suffered by any
person or corporation, unless such injury or wrong was done or suffered through the neglect,
carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in
work therefore and while acting in the line of his or her duty . . . .

**F.  Statute of Limitations**

Defendants assert a two-year statute of limitations against any claims arising from Jenkins' pretrial detention in 2003.  *Wallace v. Kato*, ___ U.S. ___, 127 S.Ct. 1091 (2007); *see also Williams v. City of Montgomery*, 21 F.Supp.2d 1360, 1369 (M.D. Ala. 1998).  In *Williams*, this court noted its ability to "consider any events which occurred outside of the limitations period and may have contributed to the ultimate event which forms the basis of Plaintiff's claims" under § 1983.  *Id.*  If Jenkins can demonstrate the alleged false imprisonment was causally connected to his previous detention in the Clanton City Jail, evidence of the events in 2003 would be relevant to his case.[3]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that (1) Defendants' motion for a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 17) be GRANTED as to Jenkins' § 1983 claims under the Fourth and Fifth Amendments; (2) Defendants' motion be DENIED as to Jenkins' § 1983 claims under the First and Fourteenth Amendments; (3) Defendant Velma Tinsley be dismissed as a defendant for purposes of the surviving federal claims; (4) the tort claims against all defendants be allowed to continue at this stage of the proceedings; and (5) the claim for punitive damages against the City of Clanton be dismissed.  It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional

---

[3]The court expresses no opinion on the merits of Jenkins' claims, or their viability after this motion to dismiss stage.

proceedings relative to the claims presented in Plaintiff's complaint.

    ***It is further ORDERED that the parties shall file any objections to the said Recommendation by March 20, 2007.***  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 7th  day of March, 2007.

                    /s/Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE