IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jimmy Charles Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER 2:06-CV-963-MEF |
| | ) | |
| THE CITY OF CLANTON, ALABAMA, et al. | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

**OPPOSITION TO THE REPORT AND RECOMMENDATIONS
OF THE MAGISTRATE JUDGE**

Come now the City of Clanton, Alabama, a municipal corporation, ("the City"), Chief Henderson and Velma L. Tinsley to file their Opposition to the Report and Recommendations of the Magistrate Judge and state as follows[1]:

**ARGUMENT**

**I.   THE PLAINTIFF HAS FAILED TO STATE A FEDERAL CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

  **A.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A VIOLATION OF HIS RIGHTS UNDER EITHER THE FOURTH, FIFTH OR EIGHTH AMENDMENTS OF THE U.S. CONSTITUTION.**

The Amended Complaint consists of following five (5) counts: a state law claim for False Imprisonment (Count One), claims for the Deprivation of the plaintiff's Constitutional Rights pursuant to 42 U.S.C. §1983, First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution (Counts Two and Three), a state law claim for Conversion (Count IV)

---

[1] The City of Clanton has never employed a police officer by the name of J.D. Davis, as the plaintiff alleges in the Amended Complaint. See Statement of City Clerk, **Exhibit 1** of the Evidentiary Submissions.

and a state law claim for Negligence (Count V).  See Am.Comp., Doc. # 15.

The Defendants agree with the Magistrate that the plaintiff has not stated a claim under either the Fourth, Fifth or Eighth Amendments to Constitution of the United States.  See Report & Recommendation, p.p. 6-7, Doc. # 24.  Therefore, any of the plaintiff's claims brought under either the Fourth, Fifth or Eighth Amendments to the U.S. Constitution are due to be dismissed with prejudice.

      **B.**    **THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FIRST AMENDMENT, PURSUANT TO THE FOURTEENTH AMENDMENT, OF THE U.S. CONSTITUTION.**

Since the plaintiff has failed to state a claim under either the Fourth, Fifth or Eighth Amendments to Constitution of the United States, the only federal claim that would remain against any of the defendants would be the alleged violation of the plaintiff's rights under the First Amendment to the U.S. Constitution, pursuant to the Fourteenth Amendment.  See Report & Recommendation, p.p. 4-11, Doc. # 24.

      **1.**    **The Plaintiff's §1983 First Amendment Claim is Barred by the Statute of Limitations.**

The Magistrate's Report and Recommendations suggest that the plaintiff has stated a §1983 claim under the First Amendment, pursuant to the Fourteenth Amendment, of the Constitution of the United States.  See Report & Recommendation, p. 5, Doc. # 24.  However, according to the Eleventh Circuit, this is simply untrue.  The Magistrate's Report and Recommendations *clearly* state that he believes the plaintiff has a First Amendment claim because the plaintiff "pleads that the beating which he allegedly suffered was in response to his statement to an officer 'who is believed to be Davis'" while he was allegedly imprisoned by the

2

defendants in **2003**. See Report & Recommendation, p. 5, Doc. # 24 (citing Doc. # 15, at ¶ **12**) (emphasis added). At paragraph twelve (12) of the Amended Complaint, for which the Magistrate explicitly relies upon in his Report and Recommendations, the plaintiff is depicting events that allegedly occurred during an alleged imprisonment in **2003**. See Am.Comp., p. 3, ¶ 12, Doc. # 15. However, the plaintiff did not file suit until late October of **2006**. See Original Comp., p. 1, Doc. # 1. These claims, along with any other claim under §1983 for events occurring during 2003, are barred by the applicable two-year (2yr) statute of limitations. See ALA. CODE § 6-2-38 (1975); see also Wallace v. Kato, 2007 WL 517122, *3 (Feb. 21, 2007) (recent U.S. Supreme Court decision holding that the length of the statute of limitations for a cause of action to be brought under 42 U.S.C. §1983 is the same as that which the state provides for personal-injury torts.)

Therefore, any such claims made by the plaintiff are due to be dismissed with prejudice as a matter of law.

    **2.** **Even If The Claim Was Not Time-Barred, Which It Clearly Is, The City Is Not Liable Under The Theory Of *Respondeat Superior*.**

The defendants agree with the Magistrate's Report and Recommendations that the City is not liable under 42 U.S.C. §1983 on a theory of *respondeat superior* and/or simply as the *alleged* employer of the officers who *allegedly* beat the plaintiff. See Report & Recommendation, p.p. 7-8, Doc. # 24.

Therefore, any such claims made by the plaintiff are due to be dismissed with prejudice as a matter of law.

    **3.** **The Plaintiff Has Failed To Allege A Violation Of His First Amendment Rights.**

The Magistrate's Report and Recommendations do not address whether the plaintiff's *alleged* speech is even speech that is protected under the First Amendment of the U.S.

Constitution. The speech relied upon by the plaintiff and the Magistrate in his Report and Recommendations is as follows: "one of jailers came in, who is believed to be Davis, and asked him what he was looking at. Jenkins replied "Nothing, what are you looking at?" Am.Comp., p. 3, ¶ 12, Doc. # 15; see Report & Recommendation, p. 5, Doc. # 24 (citing Doc. # 15, at ¶ **12**) (emphasis added). This is not protected speech under the First Amendment.

Therefore, any such claims made by the plaintiff are due to be dismissed with prejudice as a matter of law.

### 4. **Further, The Plaintiff Has Not Alleged A Violation Of His First Amendment Rights Pursuant To An Official Policy Or Custom Of The City's.**

The Magistrate's Report and Recommendations state that the City is only liable if the plaintiff proves that the *alleged* First Amendment violations "were either officially sanctioned or ordered, or occurred pursuant to an official 'custom' or 'policy' of the City." Report & Recommendation, p. 8, Doc. # 24 (internal citations omitted). The Magistrate's Report and Recommendations *clearly* state that he believes the plaintiff has a First Amendment claim because the plaintiff "pleads that the beating which he allegedly suffered was in response to his statement to an officer 'who is believed to be Davis'" while he was allegedly imprisoned by the defendants in **2003**. See Report & Recommendation, p. 5, Doc. # 24. First and foremost, the plaintiff has failed to offer any evidence that he was even imprisoned by the defendants. Secondly, the plaintiff has failed to even allege that the City neither *ordered* the officer "believed to be Davis" to commit the alleged beating nor has the plaintiff alleged it happened pursuant to an *official custom or policy* of the City. See Report & Recommendation, p. 5, Doc. # 24 (citing Doc. # 15, at ¶ 12). The plaintiff never alleges such conduct by the City when describing this

incident in the Amended Complaint.  See Am.Comp., ¶ 12, Doc. # 15.

Therefore, any such claims made by the plaintiff are due to be dismissed with prejudice as a matter of law.

     **5.**    **The City Has Not Nor Does It Employ A Person By The Name of J.D. Davis.**

The City of Clanton has never employed a police officer by the name of J.D. Davis, as alleged by the plaintiff in the Amended Complaint.  See Statement of City Clerk, **Exhibit 1** of the Evidentiary Submissions.  Further, the plaintiff has failed to identify any agent for the City that treated him in the manner alleged in the Complaint, as it is originally filed or as amended.

Therefore, any such claims made by the plaintiff are due to be dismissed with prejudice as a matter of law.

     **C.**    **THE PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE DUE TO BE DISMISSED.**

The Magistrate does not address the defendant's argument that the plaintiff's official capacity claims are due to be dismissed.  Every claim made against Chief Henderson and Velma Tinsley in the Amended Complaint are made against them in their official capacities *only* and, as such, they are due to be dismissed.  See Am.Comp.  Claims against the City's agents in their official capacity are tantamount to suing the City, *qua* City.  See Brandon v. Holt, 469 U.S. 464, 473, 105 S.Ct. 873, L.Ed.2d 878 (1985) (Suit against director in his official capacity was in effect suit against the city.); Busby v. Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their official capacity and direct suits against municipalities are functionally equivalent.); Holley v. City of Roanoke, Alabama, 162 F.Supp. 2d 1335 (M.D. Ala. 2001) (Section 1983 claims against city officials in their official capacity were "functionally

equivalent" to claims against the city.").

The Eleventh Circuit Court of Appeals has specifically decided the question of whether a claim against a police chief and other police officers in their official capacity should be dismissed when the claim has also been made or could have been made against the municipality. See Busby, 931 F.2d at 776. In Busby v. Orlando, Busby sued the City of Orlando and several of its agents, including its police chief and police officers, in their individual and official capacities. See id. at 770. The Eleventh Circuit recognized that

> [b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond).

Id. at 776. Therefore, the Eleventh Circuit held that the claims against the police chief and the police officers in their official capacity were properly disposed of by directed verdict. Id.

In Holley v. City of Roanoke, Alabama, the mayor of Roanoke and several other municipal officials were sued under Section 1983 in both their individual and official capacities. See Holley, 162 F.Supp. at 1341 n.2. In that case, the United States District Court for the Middle District of Alabama held that

> Claims against municipal officers in their official capacity are "functionally equivalent" to claims against the entity they represent. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir.1991). To retain this suit as one against Mayor Ziglar and the Council Defendants in their official capacity and also as one against the City of Roanoke would be "redundant and possibly confusing to the jury." Id. The court, therefore, will dismiss the section 1983 discrimination claims against Mayor Ziglar and the Council Defendants in their official capacities. See id. (affirming directed verdict as to official capacity defendants where city remained as defendant).

Holley v. City of Roanoke, Alabama, 162 F.Supp.2d 1335, 1341 n.2 (M.D. Ala. 2001). Here, the case at hand presents the same concerns.

Therefore, the claims against Chief Henderson and Velma Tinsley are due to be dismissed with prejudice.

### D.   PLAINTIFF'S CLAIMS AGAINST VELMA TINSLEY ARE DUE TO BE DISMISSED.

The defendants agree with the Magistrate's Report and Recommendations that the federal claims against Velma Tinsley are due to be dismissed with prejudice. See Report & Recommendation, p. 11, Doc. # 24.

### E.   PLAINTIFF'S CLAIMS AGAINST CHIEF HENDERSON ARE DUE TO BE DISMISSED.

#### 1.   The Plaintiff Has Failed To State A Claim Against Chief Henderson.

The plaintiff has not alleged, let alone offer any evidence, that Chief Henderson should have known or had any notice that the *alleged* violation of the plaintiff's First Amendment rights would occur. First and foremost, the City of Clanton has never even employed a police officer by the name of J.D. Davis. See Statement of City Clerk, **Exhibit 1** of the Evidentiary Submissions. The plaintiff has failed to name any person that Chief Henderson hire, trained or supervised. Secondly, even if the City had employed an officer named "Davis", the plaintiff has failed to even allege that Chief Henderson or the City would have known that he would receive the *alleged* beating for any comment he may have made while *allegedly* imprisoned.

Therefore, the claims against Chief Henderson and Velma Tinsley are due to be dismissed with prejudice.

    **2.**  **Chief Henderson Is Entitled to Qualified Immunity.**

  The Magistrate fails to acknowledge that plaintiff has not even asserted a claim against Chief Henderson in his individual capacity, nor does the Magistrate address the defendant's argument that Chief Henderson is entitled to qualified immunity.  See Report & Recommendation, p. 11, Doc. # 24.  It is clear from a prima facie reading of the Amended Complaint that the plaintiff is *not* seeking damages against Chief Henderson in his individual capacity, however, even if he were, Chief Henderson is entitled to qualified immunity and adopts and incorporates by reference the legal arguments and evidentiary submissions previously filed in support of its Motion to Dismiss as if fully stated herein.

  For these and the incorporated reasons, the claims against Chief Henderson are due to be dismissed with prejudice.

**II.**  **THE PLAINTIFF FAILS TO STATE A CLAIM UNDER THE LAWS OF THE STATE OF ALABAMA UPON WHICH RELIEF CAN BE GRANTED.**

  The Magistrate completely fails to address the City's immunity under § 11-47-190, nor Velma Tinsley and/or Chief Henderson discretionary function immunity, nor Velma Tinsley's judicial immunity.  See Report & Recommendation, p. 12, Doc. # 24.  Not to mention the fact that none of the plaintiff's state law claims even rely on any allegations of wrongdoing by Velma Tinsley.  The defendants are immune from the plaintiff's state law claims.

  The defendants adopt and incorporate by reference the legal arguments and evidentiary submissions previously filed in support of its Motion to Dismiss as if fully stated herein.

  Based on the foregoing and incorporated, the plaintiff's claims are due to be dismissed with prejudice.

**III.    THE CITY CANNOT BE HELD LIABLE FOR PUNITIVE DAMAGES.**

The defendants agree with the Magistrate that the City of Clanton cannot be held liable for punitive damages neither under § 1983 nor under the plaintiff's state law claims.  See Report & Recommendation, p. 12, Doc. # 24.

**CONCLUSION**

Based on the foregoing and the previously filed briefs and evidence in support of the defendants' Motion to Dismiss, the plaintiff's claims are due to be dismissed with prejudice and as a matter of law.

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 3314 T79J
State Code POR001

/s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 6494 A55D
State Code DAU007

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
Fax: (205) 322-1750

*CERTIFICATE OF SERVICE*

      I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the  20 day of March, 2007 . If Notice of Electronic Filing indicates that Notice needs to be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin,
  McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

                                             /s/ James W. Porter II
                                             OF COUNSEL