IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY CHARLES JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-963-MEF |
| | ) | [WO] |
| THE CITY OF CLANTON, | ) | |
| ALABAMA, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Defendants' *Motion to Dismiss Amended Complaint and Brief in Support of Motion to Dismiss* under Fed. R. Civ. P. 12(b)(6). (Doc. # # 17, 22). In these filings, Defendants assert numerous procedural and substantive grounds to dismiss *Plaintiff's Amended Complaint,* (Doc. # 15). Upon consideration of the Defendants' motion, the court recommends that the motion is due to be granted in part and denied in part.

**I. BACKGROUND**

On October 26, 2006, Plaintiff Jimmy Charles Jenkins' ("Jenkins") filed this 42 U.S.C. § 1983 ("Section 1983) action for declaratory and monetary relief arising from alleged violations of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Jenkins alleges the violations occurred during his incarceration as a pre-trial detainee in the Clanton City Jail from January 23, 2003 through February 10, 2003, and again from February 25, 2005 through

August 28, 2005. Jenkins' action alleges that his rights were violated by the City of Clanton, Alabama, through its employees, Defendant J.D. Davis ("Davis"), in his individual and official capacity as a police officer of the City of Clanton; Defendant James Henderson ("Henderson"), in his individual and official capacity as Chief of Police of the City of Clanton; and Defendant Velma L. Tinsley ("Tinsley"), in her individual and official capacity as the Clerk of the Municipal Court of the City of Clanton. (Doc. #1). In addition to the alleged violations of his federal rights, Jenkins asserts claims for false imprisonment, conversion, and negligence under Alabama state law.

Jenkins' federal claims spring from his allegations that he was (1) beaten by several Clanton police officers while handcuffed to a holding rail; (2) treated inhumanely with regard to his bodily functions; and (3) held against his will without due process of law for approximately six months during 2005, and, that during this period of unlawful detention, he was forced to work for the City of Clanton on a daily basis. (Doc. #15, at ¶¶ 12-13, 18). After filing an unopposed motion to amend his original *Complaint*, Jenkins amended and restated his claims. (Doc. # 15). Defendants filed a *Motion to Dismiss Amended Complaint* which alleges various grounds for dismissal under federal and state law. (Doc. # 17). The court now addresses whether any or all of Jenkins' claims can survive the Defendants' motion.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Fuller v. Johannessen*, 76 F.3d 347, 349-50 (11th Cir. 1996). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord, Swierkiewicz v. Sorema, N.A.,* 515 U.S. 506, 515 (2002); *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). Courts have recognized that "the threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim." *Hawkins v. City of Greenville,* 101 F.Supp.2d 1356, 1359 (M.D. Ala. 2000), quoting *Ancata v. Prison Health Services, Inc.*, 769 F.2d 7000, 703 (11th Cir. 1985).

The court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. *Conley v. Gibson*, 355 U.S. at 48; *Hishon, id.*; *Fuller, id.* The duty to construe a complaint liberally, however, is not the equivalent of a duty to re-write the complaint. *Conley, id., Peterson v. Atlanta Hous. Auth.,* 998 F.2d 904, 912 (11th Cir. 1993). Only "well-pleaded facts" and "reasonable inferences drawn from those facts" should be accepted, *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir.

1992). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001). A dispositive point of law may provide a basis for the dismissal of a complaint. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. DISCUSSION

#### A. Jurisdiction

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

#### B. Jenkins' Federal Claims

Jenkins can only prevail on his federal claims under § 1983 if he demonstrates that a right secured by the United States Constitution was violated, and that such violation was committed by a person acting under color of state law.[1] "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The Supreme

---

[1] Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

Court has explained that "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989) (internal quotes omitted). Because "[t]he first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged," this court's review of the pending motion necessitates a review of which rights Jenkins may assert under the facts set forth in his *Amended and Restated Complaint*. *Id.* at 394, quoting *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689 (1979).

Two of the five counts set forth in the *Amended Complaint* raise federal constitutional claims. Count 2 specifically connects the alleged actions of "Officer Davis" and other unknown officers to liability under 42 U.S.C. § 1983, through violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. #15, at ¶ ¶ 26-29). Count 3 alleges "[T]he facts set forth in the preceding paragraphs constitute a reckless or callous indifference to [Jenkins'] rights," as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the Constitution. (Doc. #15, at ¶ ¶ 30-31).[2] The court's assessment of claims sufficiently pleaded by Jenkins' follows.

---

[2] Although Count 3 does not specifically reference which facts demonstrated a deprivation of Jenkins' rights, the *Amended Complaint* states that his confinement over several months in 2005 occurred without due process. (Doc. #15, at ¶ 18). The Fourteenth Amendment protects from deprivations of liberty that occur without due process of law. *Lee v. Dugger*, 902 F.2d 822, 824 (11th Cir. 1990) (Tjoflat, J., concurring). In construing the facts in a light most favorable to the non-movant, the court will consider the facts related in this paragraph to form the factual basis for Count 3.

### 1.    *Count 2 - First Amendment Claim*

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West,* 320 F.3d 1235, 1248 (11th Cir.2003) (citing *Thomas v. Evans,* 880 F.2d 1235, 1242 (11th Cir.1989)). "A prisoner states a First Amendment violation when it is shown that jail officials penalized the inmate for the exercise of free speech rights." *Newsome v. Lee County*, 431 F.Supp.2d 1189, 1196 (M.D. Ala. 2006), citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A retaliation claim has three elements: (1) plaintiff's speech or act was constitutionally protected; (2) an adverse action was taken against plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two; that is, the adverse action was motivated at least in part by plaintiff's protected speech or act. *Bennett v. Hendrix,* 423 F.3d 1247, 1250-55 (11th Cir.2005).

A review of the facts presented and Eleventh Circuit decisions on First Amendment retaliation claims fails to show that Jenkins' "speech" was protected, and consequently, that his First Amendment rights were violated. Jenkins pleads that the beating which he allegedly suffered was in response to his statement - "[N]othing, what are you looking at?" - to a City of Clanton jailer "who is believed to be Davis." (Doc. #15, at ¶ 12). Although close temporal proximity between a prisoner's speech and adverse treatment may be used to establish a chronology of events from which a retaliatory animus may be inferred, Jenkins has not demonstrated that his speech was

6

protected. *See Pate v. Peel*, 256 F.Supp.2d 1326, 1338 (N.D.Fla. 2003).

Jenkins' failure to connect the alleged beating to the exercise of a particular First Amendment right requires the court to recommend that the District Court dismiss his First Amendment claim.

### 2. Count 2 - Fourth Amendment Claim

In general, the Fourth Amendment prohibits citizens from unreasonable searches and seizures, and, in the context of § 1983, protects against excessive force by an officer in the course of an "arrest, investigatory stop, or other 'seizure' of a free citizen." *Graham, id*. at 395. "[T]he Supreme Court has never held that the Fourth Amendment creates a cause of action for claims of excessive force administered after arrest, while the plaintiff is a pretrial detainee." *Jordan v. Cobb County, Georgia*, 227 F.Supp.2d 1322, 1337 (N.D. Ga. 2001).

It is unclear from the facts set forth by Jenkins whether he was already under arrest at the time of the allegedly excessive force by the officer(s), and was therefore a pretrial detainee. (Doc. #15, at ¶¶ 11-12). The *Amended and Restated Complaint* clearly pleads that Jenkins was handcuffed to a holding rail, and any beating which may have occurred was not pursuant to a "seizure" as contemplated by *Graham*. The court thus concludes that Jenkins was a pretrial detainee, and that his rights are secured through the Fourteenth Amendment, rather than the Fourth. *See Graham, id*. at 395, n.10 ("It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *see also Newsome, id*. at 1198 ("The Due Process Clause

of the Fourteenth Amendment supplies the applicable legal standards for claims involving state or local mistreatment of pretrial detainees . . . .) Accordingly, the court recommends that the District Court dismiss the Fourth Amendment claim.

### 3. Count 2 - Fifth Amendment Claim

Jenkins asserts a violation of his Fifth Amendment rights. The Due Process Clause of the Fifth Amendment only applies to action by the federal government. *Newsome, id*. Jenkins does not claim any federal actors violated his Fifth Amendment rights, thus the court recommends that the District Court dismiss the Fifth Amendment claim.

### 4. Count 3 - Eighth Amendment Claim

Jenkins pleads he was never convicted of any crime charged by the City of Clanton. (Doc. #15, at ¶¶ 18-19). Absent a change of status from pretrial detainee to convict during the events alleged, Jenkins cannot raise a claim under the Eighth Amendment. *See Newsome, id*. at 1199, n.5. Accordingly, the court recommends that the District Court dismiss the Eighth Amendment claim.

### 5. Counts 2 and 3 - Fourteenth Amendment Claims

A pretrial detainee such as Jenkins may pursue a Fourteenth Amendment claim. *Newsome*, *id*. at 1199, citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979). His allegations of excessive force (Count 2) and liberty deprivation (Count 3), set forth cognizable Fourteenth Amendment claims. Accordingly, the court finds that Jenkins' Fourteenth Amendment Claims are sufficiently pleaded.

### C. The Defenses

Despite being sufficiently pleaded, the Defendants assert the following defenses against Jenkins' surviving Fourteenth Amendment claims.

### 1. *Count 2 - Statute of Limitations*

Defendants assert the State of Alabama's two-year statute of limitations against Jenkins' claims in Count 2. Ala. Code § 6-2-38 (1975). Jenkins filed this action on October 25, 2006, more than two years after allegedly suffering unconstitutional treatment during pretrial detention in 2003. *See Wallace v. Kato*, 549 U.S. ___, 127 S.Ct. 1091, 1094 (2007) (State personal injury law prescribes limitations period in § 1983 actions); *see also Jones v. Allen*, ___ F.Supp.2d ___, 2007 WL 1140416, at *4 (M.D.Ala. Apr. 17, 2007) (noting two year statute of limitations for § 1983 actions in Alabama). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Id*. at *5, quoting *Wallace*, 127 S.Ct. at 1097. The court agrees with Defendants that Jenkins' claims, even if true, accrued in January, 2003, and were thus were time-barred when filed in 2006. *See Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1306 (11th Cir. 2000) (finding possibility that statute of limitations had run critical to review, and possibly dispositive of asserted claims). Accordingly, the claims in Count 2 should be dismissed.

### 2. *Count 3*

Various principles related to the liability of governmental entities and employees performing official duties are asserted by Defendants. A discussion of these defenses in

the context of this case follows.

*Respondeat Superior*

A municipality is not liable under § 1983 where a plaintiff pins liability on a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978); *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1999). A local government is liable under § 1983 "when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989), (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). Consequently, the City of Clanton is not liable to Jenkins in its role as the employer of the officers who allegedly beat Jenkins. The City of Clanton *is* liable if Jenkins proves the violations were either officially sanctioned or ordered, or occurred pursuant to an official "custom" or "policy" of the City. *See Jordan, id*. at 1344. A "policy" is an officially adopted decision of the municipality, or a decision of a municipal officer of such a rank that he may be said to be acting on the municipality's behalf." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id*.

*Qualified Immunity*

The Eleventh Circuit holds that "[T]he defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "clearly established statutory or

constitutional rights of which a reasonable person would have known." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508). Qualified immunity protects "from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Id*. (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). *Gonzalez* further recommends that "questions of qualified immunity be resolved 'at the earliest possible state in litigation.'" *Id*. (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991).

Jenkins has the burden of proof to demonstrate the official is not entitled to qualified immunity when an official named in a lawsuit alleges he was engaged in a discretionary function. *Newsome, id*. at 1195, citing *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). *Id*. Further, *Newsome* set forth the Supreme Court's two-part test for determining whether qualified immunity applies. "The initial inquiry focuses on whether the plaintiff's allegations, if considered true, show that the officer violated a constitutional right." *Id*., citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). If the officer did behave in an unconstitutional manner, "the analysis turns to whether the right in question was clearly established so that the officer had fair warning that his or her conduct was constitutionally prohibited." *Id*.

### 1. *The City of Clanton*

Jenkins' charges that the City of Clanton played a part in the alleged violations is a mix of *respondeat superior* and "tacit authorization" theories. (Doc. #15, at ¶¶ 27-28). The court's discussion above gives notice to Jenkins that the City will not be liable

merely because it employs the person or person(s) who allegedly harmed him. The court recommends that Jenkins be allowed to develop his claims that the City's custom or policy violated his constitutionally guaranteed rights, and that the District Court deny the motion to dismiss the City from liability.

### 2. J.D. Davis

Defendants maintain that the City of Clanton has never employed a police officer named J.D. Davis.[3] (Doc. #23-2). Jenkins alleges both that "Davis" is a "Police Officer for the City of Clanton," and a "jailer." (Doc. #15, at ¶ ¶ 1, 12). Although the dismissal of the constitutional claims alleged in Count 2 renders the identity of "Davis" irrelevant for that count, it remains relevant for the allegations in Count 3 which reference "Davis" being repeatedly informed that Jenkins' detention was not lawful. (Doc. #15, at ¶ 18). The court believes that Jenkins should be able to proceed against "Davis," as to this claim, but urges him to correctly identify the officer/jailer as soon as possible. *See Harris v. Beaulieu Group, LLC*, 394 F.Supp.2d 1348, 1356-57 (M.D. Ala. 2005), quoting *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 578 (7th Cir. 1995) (recognizing that "eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction," but holding that the plaintiff's "initial inability to identify the injurers is not by itself a proper ground for

---

[3]Even though Defendants' denials as to the existence of "Officer Davis" may make this discussion superfluous, the court must accept Jenkins' claims as true for purposes of Fed. R. Civ. P. 12(b)(6).

the dismissal of the suit[;][d]ismissal would gratuitously prevent [plaintiff] from using the tools of pretrial discovery to discover the defendants' identity.")  Accordingly, the court recommends that the District Court deny the motion to dismiss "Officer Davis," in his individual or official capacity, at this time.

### *3. James Henderson*

Count 3 of the *Amended Complaint* does not allege Henderson's personal knowledge of, or participation in, Jenkins' alleged imprisonment without due process.  "It is well established in this circuit that supervisory officials are not liable for the unconstitutional acts of their subordinates." *Gonzalez, id*. at 1234 (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal citation omitted).  Jenkins' failure to specifically allege that Henderson knew that he was imprisoned without due process of law justifies a defense of qualified immunity, as the allegations, even though considered true, fail to show Henderson violated Jenkins' constitutional rights. *Cottone v. Jenne,* 326 F.3d 1352, 1361-62 (11th Cir. 2003) (supervisors entitled to qualified immunity where complaint failed to allege their knowledge of unconstitutional conduct by subordinates); *see also Kelly v. Curtis*, 21 F.3d 1544, 1551-52 (11th Cir. 1994) (holding that officers cannot ignore specific notice that a detainee should be released, and extending qualified immunity where plaintiff failed to show actual knowledge of entitlement to release). Accordingly, the court recommends that Henderson receive qualified immunity as to the constitutional claim in Count 3, and be dismissed as a defendant as to the remaining Fourteenth Amendment claim.

13

#### 4. *Velma L. Tinsley*

Jenkins' only direct reference to Defendant Tinsley states that she prepared the document(s) showing that "his case was 'no-billed by the grand jury.'" (Doc. #15, at ¶ 19). Jenkins does not link this lone official act by Tinsley, in her official capacity as Clerk of the Municipal Court of the City of Clanton, to any alleged deprivation of his rights. The court cannot gather from the facts set forth in Jenkins' pleadings, even if proven true, how Tinsley is liable in her individual or official capacity for the alleged deprivations. Accordingly, the court recommends that the District Court dismiss Tinsley as a defendant as to the remaining Fourteenth Amendment claim.

### D.  Jenkins' State Claims

Jenkins alleges the City of Clanton and its employees committed the intentional torts of false imprisonment, conversion, and negligence against him. (Doc. # 15, ¶ ¶ 21-25; 32-35; and 36-38). The City asserts that it is protected from suit against intentional torts under Alabama Code § 11-47-90.[4] (Doc. # 15-20). A plain reading of the statute shows the City remains liable when its employees demonstrate "neglect, carelessness or

---

[4]Alabama Code § 11-47-90 (1975) states in relevant part

No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefore and while acting in the line of his or her duty . . . .

unskillfulness" while "acting in the line of his or her duty . . . ." Ala. Code § 11-47-90 (1975). Absent sufficient factual development regarding the actions of the City's employees, this court cannot determine whether the City is actually shielded by this provision. The court recommends that the District Court deny the motion to dismiss as to the intentional torts charged under state law in the *Amended and Restated Complaint*.

### E. Punitive Damages

A defendant who is found liable under § 1983 in his individual capacity may be subject to punitive damages. *Fleming v. Dowdell*, 434 F.Supp.2d 1138, 1146 n.6 (M.D. Ala. 2005). If Davis is found liable in his individual capacity, he may be required to pay punitive damages.[5]

Jenkins concedes that the City of Clanton cannot be liable for punitive damages. The court recommends that the District Court dismiss the claim for punitive damages against the City.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Defendants' motion for a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 17) (1) be GRANTED as to all claims set forth in Count 2; (2) be GRANTED as to the Eighth Amendment claim set forth in Count 3; (3) be DENIED as to the Fourteenth Amendment claim set forth in Count 3; (4) be GRANTED as to the dismissal of

---

[5]Again, the court's construction of the *Amended Complaint* at this stage necessarily assumes that Davis exists.

Defendants James Henderson and Velma Tinsley from liability under Counts 2 and 3; (5) be DENIED as to the tort claims asserted under state law; and (6) be GRANTED as to the claim for punitive damages against the City of Clanton.  It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings relative to the claims presented in Plaintiff's complaint.

*It is further ORDERED that the parties shall file any objections to the said Recommendation by May 10, 2007.*  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE