IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY CHARLES JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:06-CV-963-MEF |
| THE CITY OF CLANTON, ALABAMA, ) | |
| a municipal corporation, and its agents; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Comes now the Plaintiff Jimmy Jenkins ("Jenkins") and respectfully objects to this Honorable Court's recommendation to dismiss Count Two of Plaintiff's Amended and Restated Complaint which encompasses Plaintiff's unlawful imprisonment claim. Plaintiff's claim constitutes a continuing tort and therefore time begins to run at the time of his release, August 26, 2005, not the date of his detention. In *City of Clanton v. Johnson*, 17 So.2d 669, 672 (1944), the Alabama Supreme Court held that an action against Clanton for an abatable nuisance arising from the operation of the city's sewage system was presented within six months of it accrual despite the fact that the sewer system was installed more than six months prior to the claim being filed. The Court determined that the claim was timely presented because each occurrence of the nuisance constituted a separate cause of action, and the nuisance was still occurring less than six months before the claim was filed. The same logic applies to a liberty depravation case. Jenkins was deprived of his liberty every day he was incarcerated, not just the first. The claim against the city was timely filed within

six months of the last day of incarceration, and this lawsuit was filed within two years of the last day Jenkins was wrongly incarcerated. *See also Jackson v. City of Auburn*, 2006 Ala. Civ. App. LEXIS 168 (holding same).

This Honorable Court recommended dismissal based on the case of *Wallace v. Kato*, 127 S.Ct 1091; 166 L. Ed.2d 973 (2007), however, that case specifically relied on *Heck v. Humphrey*, 512 U.S. 477, 484 (stating "[i]f there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Keeton, *supra*, § 119, at 888. Here it is alleged that Jenkins was never arraigned or given due process, therefore, the claim is timely.

Respectfully Submitted,

/s/S. Joshua Briskman
S. Joshua Briskman, One of the
Attorneys for Plaintiff,
Jimmy Charles Jenkins

OF COUNSEL:

BAXLEY, DILLARD, DAUPHIN, MCKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
Phone: (205) 271-1100
Fax: (205) 271-1108

## CERTIFICATE OF SERVICE

     I hereby certify that on this 10th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James W. Porter, II, Esq.
Natalie Ann Daugherty
Porter, Porter & Hassinger, P.C.
215 21st Street North, Suite 1000
Post Office Box 128
Birmingham, Alabama 35201-0128


                           /s/S. Joshua Briskman
                           Of Counsel