IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Jimmy Charles Jenkins, )<br>)<br>  Plaintiff, )<br>)<br>  vs. )<br>)<br>THE CITY OF CLANTON, )<br>ALABAMA, et al. )<br>) )<br>) | <br><br><br><br><br>CASE NUMBER 2:06-CV-963-MEF<br><br><br><br>JURY TRIAL DEMANDED<br> |

**OPPOSITION TO THE REPORT AND RECOMMENDATIONS**
**OF THE MAGISTRATE JUDGE**

Come now the City of Clanton, Alabama, a municipal corporation, ("the City"), Chief Henderson and Velma L. Tinsley to file their Opposition to the Revised Report and Recommendations of the Magistrate Judge and state as follows[1]:

**ARGUMENT**

**I.  PLAINTIFF HAS FAILED TO STATE A FEDERAL CLAIM AGAINST THE CITY FOR WHICH RELIEF CAN BE GRANTED.**

According to the Magistrate's Revised Report and Recommendation, the only federal claim remaining is the plaintiff's Fourteenth Amendment claim for liberty deprivation (Count Three) and it only remains against the City and the alleged Officer Davis.[2]  See Report &

---

[1] The City of Clanton has never employed a police officer by the name of J.D. Davis, as the plaintiff alleges in the Amended Complaint.  See Statement of City Clerk, **Exhibit 1** of the Evidentiary Submissions.

[2] The Magistrate's Report and Recommendation dismisses all of the plaintiff's First, Fourth, Fifth and Eighth Amendment claims.  See Report & Recommendation, p.p. 6-8, Doc. 27. Further, the Magistrate's Report and Recommendation dismisses the plaintiff's remaining Fourteenth Amendment claim for excessive force (Count Two) because it is barred by the two-year statute of limitations.  See id. at p. 9, Doc. 27.  Additionally, the Magistrate's Report and Recommendation dismisses Chief James Henderson and Velma Tinsley from the plaintiff's sole

Recommendation, p.p. 4-14, Doc. 27.  The defendants' agree with the Magistrate that the plaintiff *must prove* that the alleged constitutional violations occurred pursuant to an official policy of or custom of the City in order for the City to be liable under 42 U.S.C. § 1983.  See Report & Recommendation, p. 10, Doc. 27.  However, the plaintiff ***has not even made an allegation that the alleged violations occurred pursuant to an official policy or custom of the City***.  See Am.Comp. p. 7, Doc.15.

The only federal claim remaining is the plaintiff's Fourteenth Amendment claim for liberty deprivation found in Count Three of his Amended Complaint.  See Report & Recommendation, p.p. 4-14, Doc. 27.  The *entire* allegation made in Count Three is as follows:

> The facts set forth in the preceding paragraphs constitute a reckless or callous indifference to the rights guaranteed by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

Am.Comp., p.7, ¶ 31, Doc.15.  At no point in the entire Amended Complaint does the plaintiff ever allege that the violations occurred pursuant to an *official* policy or custom of the City.  See Am.Comp., Doc.15.  Count Three only gives vague and conclusory allegations that the City acted with "a reckless or callous indifference" to his rights and never alleges any actions taken by anyone other than the alleged Davis himself.  Am.Comp., p.7, ¶ 31, Doc.27.  This is insufficient and solely based on respondeat superior.  In Newsome v. Lee County, Ala., 431 F.Supp.2d 1189 (M.D.Ala. 2006), Judge Fuller, for this Court, dismissed a pretrial detainee's Fourteenth Amendment claims against the supervisors of the officer who allegedly violated his constitutional rights for this very reason. Newsome v. Lee County, Ala., 431 F.Supp.2d 1189, 1200 (M.D.Ala. 2006).  In dismissing

---

remaining federal claim, which is a Fourteenth Amendment claim for liberty deprivation (Count Three).  See id. at p.p. 13-14, Doc. 27.

the pretrial detainee's claims in Newsome, Judge Fuller stated that "it is axiomatic, in section 1983 actions, that liability must be based on something more than respondeat superior" and "vague and conclusory allegations are not sufficient." Id. at 1200 (internal quotations and citations omitted).

In the case at bar, the plaintiff has failed to even allege that any action, policy or custom of the City led to the alleged violations of his constitutional rights and, therefore, his remaining federal claim against the City is due to be dismissed. Am.Comp.

II. **THE PLAINTIFF FAILS TO STATE A CLAIM UNDER THE LAWS OF THE STATE OF ALABAMA UPON WHICH RELIEF CAN BE GRANTED.**

The City cannot be held liable for intentional torts or the intentional conduct of their employees. See ALA. CODE § 11-47-190 (1975). In the Report and Recommendation, the Magistrate states that

> absent sufficient factual development regarding the actions of the City's employees, this court cannot determine whether the City is actually shielded by this provision. The court recommends that the District Court deny the motion to dismiss as to the intentional torts charged under state law in the Amended and Restated Complaint.

Report & Recommendation, p.15, Doc.27. However, it is well settled law in the State of Alabama that a City is immune from the intentional conduct of their employees/agents. The factual record does not need to be developed with respect to the City's liability for the alleged intentional torts because they are immune from suit for intentional conduct.

Section 11-47-190 of the Code of Alabama provides that:

> no city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee . . . .

ALA. CODE § 11-47-190 (1975). In Todd v. Kelley, 783 So.2d 31 (Ala.Civ.App. 2000), which Judge Fuller relied on in deciding Newsome, the Alabama Court of Civil Appeals held that

3

"Section 11-47-190 of the Code of Alabama (1975) provides for an action against a municipality for the 'neglect, carelessness, or unskillfulness' of its agents, *not for their intentional torts.*" Todd v. Kelley, 783 So.2d 31, 41-42 (Ala.Civ.App. 2000) (citing Couch v. City of Sheffield, 708 So.2d 144, 154 (Ala. 1998) (emphasis added)); see also Brooks v. City of Birmingham, 584 So. 2d 451 (Ala. 1991); see also Hilliard v. City of Huntsville, 585 So. 2d 889, 892 (Ala. 1991) (wantonness); see also Altmayer v. City of Daphne, 613 So.2d 366, 369 (Ala. 1993) (willfulness and recklessness). As plead in the Amended Complaint, the plaintiff's claims for False Imprisonment and Conversion are due to be dismissed. See Am.Comp., p. 4, ¶ 22, Doc.15 ("maliciously detained"). See Rose v. Town of Jackson's Gap, 952 F.Supp. 757, (M.D. Ala. 1996) (granting dispositive motion in favor of the city on the plaintiff's False Imprisonment claim on the basis of Section 11-47-190). This is particularly true because a municipality cannot act with malice. See Montgomery v. City of Montgomery, 732 So. 2d 305, 310 (Ala. Civ. App. 1999).

Furthermore, the plaintiff has not alleged that Chief Henderson or Velma Tinsley did anything to support his allegations for False Imprisonment, Conversion and Negligence.

Based on the foregoing, the plaintiff's claims for intentional torts are due to be dismissed against the City and all state claims are due to be dismissed against Chief Henderson and Velma Tinsley with prejudice.

## **CONCLUSION**

Based on the foregoing and the previously filed briefs and evidence in support of the defendants' Motion to Dismiss, the plaintiff's claims are due to be dismissed with prejudice and as a matter of law.

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 3314 T79J
State Code POR001

/s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 6494 A55D
State Code DAU007

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the 10th day of May, 2007 . If Notice of Electronic Filing indicates that Notice needs to be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin,
  McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

/s/ James W. Porter II
OF COUNSEL

5