IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE  DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jimmy Charles Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER 2:06-CV-963-MEF |
| | ) | |
| THE CITY OF CLANTON , | ) | |
| ALABAMA, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

**RESPONSE TO THE PLAINTIFF'S OPPOSITION TO
THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

Come now the City of Clanton, Alabama, a municipal corporation, ("the City"), Chief

Henderson and Velma L. Tinsley to file their Response to the Plaintiff's Opposition to the

Revised Report and Recommendations of the Magistrate Judge and state as follows[1]:

The Magistrate appropriately recommended the dismissal of the plaintiff's claims, in

Count Two of his Amended Complaint, as a matter of law.  It is clear from the application of

Section 6-2-38 of the Code of Alabama (1975) to the recent United States Supreme Court

decision in Wallace v. Kato, 127 S.Ct. 1091 (2007) that any of the plaintiff's claims for

negligence, claims based on the theory of *respondeat superior,* and any of his 42 U.S.C. §1983

constitutional claims, which are based on events occurring before October of 2004 are barred by

the applicable two-year statute of limitations.  See ALA. CODE § 6-2-38 (1975); see also Wallace

v. Kato, 127 S.Ct. 1091 (2007) (recent U.S. Supreme Court decision holding that the length of

the statute of limitations for a cause of action to be brought under 42 U.S.C. §1983 is the same as

---

[1] The City of Clanton has never employed a police officer by the name of J.D. Davis, as
the plaintiff alleges in the Amended Complaint.  See Statement of City Clerk, **Exhibit 1** of the
Evidentiary Submissions.

that which the state provides for personal-injury torts.)  The plaintiff's reliance on City of

Clanton v. Johnson, 17 So.2d 669 (1944) is misplaced.  See Plaintiff's Opposition to

Magistrate's Report & Recommendation, p.p. 1-2, Doc.28.

In City of Clanton v. Johnson, 17 So.2d 669 (1944) the underlying action was a bill to

abate a public nuisance allegedly caused by the installation of a municipal sewage system.  City

of Clanton v. Johnson, 17 So.2d 669 (1944); see also ALA.CODE § 6-5-121 (1975) for the

distinction between public and private nuisances.  The Supreme Court of Alabama held that this

type of nuisance falls under the Alabama statute requiring that all tort claims against a

municipality must be presented to the municipality within six (6) months of their accrual date.

See City of Clanton v. Johnson, 17 So.2d 669 (1944).  This statute from the 1940 Code of

Alabama is the equivalent to the current Section 11-47-23 of the Code of Alabama (1975).  See

ALA.CODE § 11-47-23 (1975).  Claimants *must* satisfy his is a notice requirement before bringing

tort claims against a municipality in the State of Alabama.  This notice requirement is separate

and in addition to a claimant's requirement to file a claim within the applicable time period

provided for by the statute of limitations.  These are two entirely different and independent

statutory requirements for pleadings.  Clearly, the Supreme Court of Alabama's analysis and

holding in City of Clanton v. Johnson, 17 So.2d 669 (1944) is distinguishable from the case-at-

bar.

Even though the plaintiff in the case-at-bar *failed* to provide proper notice pursuant to

Sections 11-47-23 and 11-47-192 of the Code of Alabama (1975) to the City within the six (6)

2

month period following of any of his claims arising out of his arrest in 2003[2], this was not the basis for the Magistrate's recommendation to dismiss all of the claims in Count Two of the Amended Complaint.  <u>See</u> Magistrate's Report & Recommendation, p. 9, Doc. 27.  The **Magistrate recommended that all of the plaintiff's claims in Count Two of the Amended Complaint be dismissed because they are barred by the applicable two-year statute of limitations**.  <u>See</u> Magistrate's Report & Recommendation, p. 9, Doc. 27; <u>see also</u> ALA. CODE § 6-2-38 (1975); <u>see also</u> <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007).  According to Count Two of the Amended Complaint, the alleged excessive force and unlawful imprisonment occurred when the plaintiff was arrested for a DUI *and* for driving while his license was revoked on or about January 20, 2003.  <u>See</u> Am.Comp., p.p. 2-3, ¶¶ 7-13, Doc.15.  Thereafter, the plaintiff was released from jail and  "made bond on February 10, 2003."  Am.Comp., p. 3, ¶ 13, Doc.15.  However, the plaintiff did not bring any claims for negligence, claims based on the theory of *respondeat superior,* nor any claims pursuant to 42 U.S.C. §1983 until on or about October 25, 2006, which is *more than three and a half years* (3 ½ yrs.) passed the date he bonded out of jail.  <u>See</u> Comp., p.1, Doc.1.  This is clearly outside the two-year statute of limitations.

It is true that the plaintiff was arrested a second time, on or about February 28, 2005, more than two years (2 yrs.) later, but his arrest in 2005 does not toll the running of the statute of limitations for the arrest occurring two years (2 yrs.) earlier in 2003.  His claims for excessive

_____

[2] This failure by the plaintiff is reason his state law claims arising from the events in 2003 should be dismissed against all of the defendants as a matter of law.  The plaintiff failed to give proper notice to the City of his potential claims.  This is exactly the situation that Alabama's notice requirement provisions were enacted to protect against.  If the plaintiff would have given the proper and required notice to the City within six (6) months of his arrest and alleged imprisonment in 2003, then the City would have been on notice and been able to correct any of the alleged problems and the alleged events in 2005 may never have allegedly happened.  This is exactly why the State of Alabama enacted such notice provisions and why it is mandatory that claimants adhere to them. Based on the foregoing and the arguments set out in the Defendants' Brief in Support of their Motion to Dismiss the Amended Complaint, the plaintiff's state law claims are due to be dismissed as a matter of law.  <u>See</u> Brief, p.p. 12-15, Doc. 22.

force, unlawful imprisonment, etc. present in Count Two occurred in 2003. <u>See</u> Am.Comp., Doc.15.  These are two separate arrests and imprisonments.  <u>See</u> Am.Comp., Doc.15.

It is not a continuing tort, like the public nuisance in <u>City of Clanton v. Johnson</u>, 17 So.2d 669 (1944).  <u>See</u> <u>City of Clanton v. Johnson</u>, 17 So.2d 669 (1944).  This is clear from the Amended Complaint.  <u>See</u> Am.Comp., Doc.15.  The plaintiff got out of jail on or about February 10, 2003.  Am.Comp., p. 3, ¶ 13, Doc.15.   The plaintiff was not imprisoned by the City over the next two years, from February 10, 2003 until February 28, 2005 and, therefore, they did not continue to allegedly deprive him of his constitutional liberties over the next two to three years (2-3 yrs.).  Am.Comp., p. 3, Doc.15.  His claims in Count Two are clearly outside the statute of limitations and, therefore, as a matter of law, the plaintiff's claims in Count Two should be dismissed.

## CONCLUSION

In <u>City of Clanton v. Johnson</u>, 17 So.2d 669 (1944), the Supreme Court of Alabama was applying an entirely separate statute to a much different factual situation and the plaintiff's reliance and analysis is misplaced.  Based on the foregoing and the previously filed briefs and evidence in support of the defendants' Motion to Dismiss, the plaintiff's claims are due to be dismissed with prejudice and as a matter of law.

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 3314 T79J
State Code POR001


/s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 6494 A55D
State Code DAU007


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750


### *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the 11th day of May, 2007 .  If Notice of Electronic Filing indicates that Notice needs to be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin,
  McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233


/s/ James W. Porter II
OF COUNSEL

5