IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Jimmy Charles Jenkins, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NUMBER 2:06-CV-963-MEF |
| | ) |
| THE CITY OF CLANTON, AL, | ) |
| A Municipal Corporation, Police Chief | ) |
| James Henderson, J. D. Davis, and | ) |
| Velma L. Tinsley | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## ANSWER TO THE AMENDED COMPLAINT

COME now the Defendants, the City of Clanton, Alabama, a municipal corporation, ("the City"), Chief Henderson and Velma L. Tinsley to file their Answer to the Amended Complaint, and states as follows[1]:

## PARTIES

1. The Defendants are without sufficient information to either Admit or Deny the allegations in this paragraph and therefore, demand strict proof thereof.

2. Admitted that the City of Clanton is a municipal corporation located in Chilton County, Alabama. All others allegations contained within this averment are Denied.

3. Denied.

4. Admitted.

5. Admitted.

---

[1] The City of Clanton has never employed a police officer by the name of J.D. Davis, as the plaintiff's alleges in the Amended Complaint. See Statement of City Clerk, attached hereto as **Exhibit 1** hereof.

## JURISDICTION

6. Defendants Deny 28 U.S.C §1331 jurisdiction.

## FACTS

7. The Defendants are without sufficient information to either Admit or Deny the allegations in this paragraph and therefore, demand strict proof thereof.

8. The Defendants are without sufficient information to either Admit or Deny the allegations in this paragraph and therefore, demand strict proof thereof.

9. The Defendants are without sufficient information to either Admit or Deny the allegations in this paragraph and therefore, demand strict proof thereof.

10. The Defendants are without sufficient information to either Admit or Deny the allegations in this paragraph and therefore, demand strict proof thereof.

11. Denied.

12. Denied.

13. Denied.

14. The Defendants Deny that the City of Clanton, or any of its agents, had control and possession of the plaintiff's vehicle during the time referred to in this averment. The Defendants lacks sufficient information to Admit or Deny the remainder of this paragraph, and demand strict proof thereof. The Court records speak for themselves.

15. This averment is not directed at the Defendants. To the extent that this averment incorporates material allegations against these Defendants, said averments are Denied.

16. This averment is not directed at the Defendants. To the extent that this averment incorporates material allegations against these Defendants, said averments are Denied.

17. Admitted.

18. Denied.

19. Denied.

20. The Defendants Deny that the City of Clanton, or any of its agents, had control and possession of the plaintiff's vehicle during the time referred to in this averment. The Defendants lacks sufficient information to Admit or Deny the remainder of this paragraph, and demand strict proof thereof.

## COUNT ONE

## FALSE IMPRISONMENT

21. This averment does not require a response. To the extent that this averment incorporates material allegations against these Defendants, said averments are Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT TWO

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

26. This averment does not require a response. To the extent that this averment incorporates material allegations against these Defendants, said averments are Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT THREE

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

30. This averment does not require a response. To the extent that this averment incorporates material allegations against these Defendants, said averments are Denied.

31. Denied.

## COUNT FOUR

## CONVERSION

32. This averment does not require a response. To the extent that this averment incorporates material allegations against these Defendants, said averments are Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT FIVE

## NEGLIGENCE

36. This averment does not require a response. To the extent that this averment incorporates material allegations against these Defendants, said averments are Denied.

37. Denied.

38. Denied.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. The Amended Complaint is barred by the pertinent statute of limitations and/or

doctrine of laches.

3. The Amended Complaint fails to state a claim pursuant to §11-47-190 et seq. Code of Alabama (1975), as amended, ("Code"), upon which relief can be granted.

4. The Plaintiff has failed to strictly comply with §11-47-191 and §11-47-23 of the Code of Alabama (1975), as amended.

5. The Amended Complaint fails to state a claim upon which relief can be granted pursuant to the jurisdictional statute 28 U.S.C. §1331.

6. The Amended Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

7. The Plaintiff has failed to join necessary and indispensable parties to this action.

8. Defendants plead all available doctrines of immunity including, but not limited to, absolute immunity, qualified immunity, implied and discretionary immunity.

9. The Defendants are entitled to peace officer immunity pursuant to § 6-5-338 et seq. Code of Alabama (1975), as amended.

10. The Defendants are entitled to state agent immunity under Ex parte Cranman, 792 So.2d 392 (Ala. 2000).

11. The Defendants aver that each and every action taken by them were taken in good faith belief that the same was legal and lawful at the time so taken.

12. The Defendants contest the form and sufficiency of process and of service of process.

13. The Defendants plead the doctrine of contributory negligence.

14. The Defendants plead the doctrine of assumption of risk.

15. The Defendants plead the doctrine of prior independent intervening cause.

16. The Amended Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

17. The Defendants aver that the imposition of punitive damages violate their vested constitutional rights and privileges both State and Federal.

18. The Amended Complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of *respondeat superior*.

19. The Amended Complaint fails to state a claim upon which relief can be granted for False Imprisonment pursuant to the laws of the State of Alabama (Count One).

20. The Amended Complaint fails to state a claim upon which relief can be granted for the Deprivation of Constitutional Rights pursuant to the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution (Count Two).

21. The Amended Complaint fails to state a claim upon which relief can be granted for the Deprivation of Constitutional Rights pursuant to the Fifth, Eighth and Fourteenth Amendments to the United States Constitution (Count Three).

22. The Amended Complaint fails to state a claim upon which relief can be granted for Conversion pursuant to the laws of the State of Alabama (Count Four).

23. The Amended Complaint fails to state a claim upon which relief can be granted for Negligence pursuant to the laws of the State of Alabama (Count Five).

24. The Plaintiff lacks standing to bring this cause of action.

25. The Defendants plead all forms of waiver and estoppel including, but not limited to, judicial estoppel, issue preclusion, res judicata and collateral estoppel.

26. The Defendants plead the doctrine of independent intervening negligent or

criminal acts.

27. The Defendants plead not guilty.

28. Defendants plead that the plaintiff was, himself, guilty of negligence, wantonness, recklessness, intentional acts and criminal acts which proximately caused or contributed to the injuries and damages they claim. <u>Oden v. Pepsi Cola Bottling Co. of Decatur, Inc.</u>, 621 So.2d 953 (Ala. 1993).

29. Defendants acted in self-defense. <u>Hargress v. City of Montgomery, et al.</u>, 479 So.2d 1137 (Ala. 1985).

30. Defendants acted pursuant to the laws of the State of Alabama and properly effectuated an arrest, prevented escape and/or executed their public duty. ALA. CODE § 13A-3-22 and § 13A-3-27 (1975).

31. Defendants plead all available statutory caps and limitations on damages.

32. Defendants plead that the plaintiff has failed to mitigate his damages.

33. Defendants plead that this court lacks jurisdiction over the parties and the claims.

34. The Defendants plead they acted with probable cause.

35. The Defendants aver that an award of punitive damages to the Plaintiff in this action would violate the Guarantees and Safeguards provided to the Defendants under the Due Process of the Fourteenth Amendment to the United States Constitution in that punitive damages are vague and are not directly related to a legitimate governmental interest, and further, that an award of punitive damages would violate Article I & XV of the United States Constitution, which provides that no person shall be deprived of live, liberty or property except by Due Process of law, in that punitive damages are vague and are not rationally related to a

legitimate governmental interest.

36. The Defendants aver that an award of punitive damages to the Plaintiff in this case would violate the Eighth Amendment to the United States Constitution in that the damages would be an excessive fine in violation of the excessive fine clause of the Eighth Amendment of the United States Constitution, and these Defendants further aver that any award of punitive damages to the Plaintiff in this case would be in violation of Article I & XV of the Alabama Constitution in that the damages would be an excessive fine.

37. The Defendants deny the allegations contained in the Amended Complaint which are not specifically admitted herein; aver that the Amended Complaint and each count fail to state a cause of action upon which relief can be granted; deny that they have violated the Plaintiff's constitutional rights; deny all allegations of wrongdoing; plead denial of the general issue; plead contributory negligence; plead assumption of the risk; plead unclean hands; plead waiver; plead estoppel; aver that Plaintiff's own actions caused or contributed to his alleged injuries, losses and damages, hence the Plaintiff is barred from recovery; plead probable cause; plead justification; plead self defense; plead provocation; plead good faith; aver that all action were taken on a reasonable and good faith belief; aver that any force used was reasonable and necessary; plead a subsequent independent intervening cause of Plaintiff's alleged injuries; aver that the Amended Complaint is barred by the pertinent statute of limitations and/or the doctrine of laches; incorporates herein as if set out in full all grounds set forth in the Defendants' Motion to Dismiss the Amended Complaint; plead the statutory tort cap

8

applicable to state law claims; plead § 11-47-190 as a bar to recovery; and deny that Plaintiff is entitled to any relief.

38. As to any claim for mental anguish and/or pain and suffering the Defendants specially plead the following:

   a. To the extent that the Plaintiff seeks punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate these Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages and the lack of the fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages;

   b. These Defendants aver that the award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damages for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

      1. It fails to provide a reasonable limit on the amount of the

        award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

    2. It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    3. It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitutions; and

    4. It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution;

  c. The Defendants aver the award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendants and is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

39. As to the Plaintiff's punitive damages claim, these Defendants specially plead the following defenses:

a.  The award of punitive damages claimed by Plaintiff violates Article I, § 10(1) and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

   1. That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

   2. That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing.

   3. That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

   4. That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendants.

   5. That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

   6. That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award

of punitive damages.

7. That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

8. That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

9. That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

10. That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

11. That standards of conduct upon which punitive damages are awarded are vague.

12. That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

13. That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened

          in relation to the standard of proof for ordinary civil cases.

    14. That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

    15. That civil procedures pursuant which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

b. These Defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code § 6-11-21 (Repl. Vol. 1993).

c. The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

d. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See Honda Motor Company, Ltd. v. Oberg, 114 S.Ct. 2331 (1994).

e. To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against the Defendants, this award contravenes these Defendants' right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, § 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendants' right against double jeopardy insured by the Fifth

13

        Amendment of the United States Constitution and/or Article I, § 9 of the Alabama Constitution.

f.     With respect to the Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of <u>BMW North American, Inc. v. Gore</u>. 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

g.     These Defendants contend that the Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against the Defendants, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff are limited to the standards set our in <u>BMW North American, Inc. v. Gore</u>. 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

h.     The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the Due Process Clause of the Constitution of the United States, under authority of <u>BMW North American, Inc. v. Gore</u>. 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by the Plaintiff in this action, and the Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to these Defendants as to deprive Defendants of due process of law.

    i.    These Defendants aver that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

        1.    <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States</u>: Punitive damages are vague and not rationally related to legitimate governmental interests.

        2.    <u>Sixth Amendment to the Constitution of the United States</u>: Punitive damages are penal in nature and, consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal Defendant.

        3.    <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the Defendants that are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

        4.    <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the Defendants were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would

        violate the excessive fines clause of the Eighth Amendment to the Constitution.

j. These Defendants aver that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in this case at hand would punish Defendants for the conduct of others in violation of Defendants' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

k. These Defendants aver that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at had would subject Defendants to excessive fines in violation of the Eighth Amendment of the United States Constitution and Defendants' due process rights.

l. These Defendants aver that given Alabama's policy against apportionment of damages among tortfeasors, the imposition of punitive damages in the case at hand would punish Defendants for the conduct of others in violation of Defendants' due process rights and Article I, §§1 and 13 of the Alabama Constitution.

m. These Defendants pleads the cap applicable to any recover for punitive damages.

40. The Defendants reserve the right to further amend this answer throughout the discovery process.

    /s/ James W. Porter, II
James W. Porter II, one of the attorneys
for Defendants, the City of Clanton, Chief
James Henderson and Velma Tinsley
State Bar ID ASB 3314 T79J
State Code POR001


    /s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the attorneys
for Defendants, the City of Clanton, Chief
James Henderson and Velma Tinsley
State Bar ID ASB 6494 A55D
State Code DAU007

OF COUNSEL:

PORTER, PORTER & HASSINGER, P.C.

P.O. Box 128

Birmingham, Alabama  35201-0128

(205) 322-1744

Fax: (205) 322-1750

*CERTIFICATE OF SERVICE*

      I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the  21 day of June, 2007 . If Notice of Electronic Filing indicates that Notice needs to be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

William J. Baxley, Esq.

Donald R. James, Jr., Esq.

S. Joshua Briskman, Esq.

Law Offices of Baxley, Dillard, Dauphin,

  McKnight & Barclift

2008 Third Avenue South

Birmingham, AL 35233

John Hollis Jackson, Jr., Esq.

PO Box 1818

Clanton, AL 35046-1818

                                                 /s/ James W. Porter II
                                                 OF COUNSEL

**EXHIBIT 1**



# City of Clanton

Post Office Box 580 • Clanton, Alabama 35046-0580 • Telephone (205) 755-4051

Billy Joe Driver, Mayor
Debra Orange, City Clerk
John Hollis Jackson, Jr., City Attorney

— COUNCIL —

Ann Baker
Ronnie Porter
Elem Hill, Pro. Tem.

Mary Mell Smith
Robert K. Easterling

January 24, 2007

To Whom It May Concern:

I, Debra Orange, City Clerk and personnel clerk for the City of Clanton am writing to state that the City of Clanton does not nor has ever had a police officer in the name of J.D. Davis. I have been with the City for twenty one years and to my knowledge the City has never employed a police officer by this name.

If any further information is needed please feel free to contact me at 205-755-1105.

Sincerely,

*Debra Orange*
Debra Orange, CMC
City Clerk

"A good place to visit – A better place to live"