IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY CHARLES JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER 2:06-CV-963-MEF |
| | ) | |
| THE CITY OF CLANTON , | ) | |
| ALABAMA, et al., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## MOTION TO COMPEL PRODUCTION OF
## RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS

COMES NOW the Defendant, the City of Clanton, Alabama, and files this

Motion to Compel and says:

1.    The Defendant served Interrogatories, attached hereto as **Exhibit 1**,

and Requests for Production, attached hereto as **Exhibit 2**, on the

Plaintiff on November 8, 2006.

2.    The Defendant requested by letter to Plaintiff's former counsel dated

September 6, 2007, attached hereto as **Exhibit 3**, a response to said

Interrogatories and Request for Production.  To date, the Plaintiff has

not responded to the Defendant's Discovery requests.

3.    The Defendant requested by second letter to Plaintiff's former counsel

dated September 17, 2007, attached hereto as **Exhibit 4,** a response to

said Interrogatories and Requests for Production.

4.   The Defendant has made a good-faith effort to resolve this discovery

dispute without resorting to moving the court to compel any

responses.  However, the Plaintiff has failed to comply with

discovery.

5.   Counsel for Plaintiff has been allowed to withdraw, so Defendant

hereby makes this Motion addressed to the Plaintiff on a Pro Se basis

and attaches hereto an additional copy of Defendant's Interrogatories

and Request for Production as **Exhibits 5 & 6,** respectively and shall

mail a copy of the same to each of the Plaintiff's three last known

addresses.

WHEREFORE, the Defendant moves this Honorable Court to order Plaintiff

to fully and completely respond to both the Interrogatories and Requests for

Production within ten (10) days.

                                   /s/ James W. Porter, II
                                   James W. Porter II, one of the
                                   Attorneys for Defendant, the City of
                                   Clanton, Alabama
                                   State Bar ID ASB 3314 T79J
                                   State Code POR001

2

/s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the
Attorneys for Defendant, the City of
Clanton, Alabama
State Bar ID ASB 2409 H65S
State Code SHE094

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following by placement of the same in the United States Mail, postage prepaid and properly addressed as well as via facsimile, on this, the  16th  day of  October, 2007.

Jimmy Charles Jenkins at the following three last known addresses:
1112 15th Way SW
Birmingham, Alabama 35211          and

1000 2nd Avenue
Birmingham, Alabama 35233          and

4236 40th Avenue North
Birmingham, Alabama 35217

John Hollis Jackson, Jr., Esq.

P.O. Box 1818
Clanton, AL  35046-1818
205.755.2009

              /s/ James W. Porter, II
              OF COUNSEL


DEFENDANT'S
EXHIBIT
1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jimmy Charles Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER 2:06 CV 963-MEF |
| | ) | |
| CITY OF CLANTON, ALABAMA, | ) | JURY TRIAL DEMANDED |
| A municipal corporation, and its | ) | |
| agents, | ) | |
| | ) | |
| Defendants. | ) | |

## INTERROGATORIES

Comes now the Defendant, The City of Clanton, Alabama, a municipal

corporation, in the above-styled cause, and pursuant to Rules 26 and 33 of the

Federal Rules of Civil Procedure, propounds to the Plaintiff, Jimmy Charles

Jenkins, the following interrogatories.

## I. INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information
available to you, including information in the possession of your attorney or any
person acting in your or his behalf, and not merely such information as is known to
your own personal knowledge. If you cannot answer any particular request in full
after exercising due diligence to secure the information sought, so state, and answer
to the extent possible, specifying your inability to answer the remainder.

Under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure, you
are under a duty to seasonably supplement your response with respect to any question
directly addressed to the identity and location of any person having knowledge of
discoverable matter.

Also, under the provisions of Rule 26(e), you are reminded that you are under a duty to seasonably amend a prior response if you obtain information on the basis of which (A) you know that the response was incorrect when made; or (B) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## II. DEFINITIONS

1. For purposes of these interrogatories, the term *"documents and things"* means all written, recorded or graphic matters of whatever kind and nature, and all non-identical copies thereof, including, but not limited to, all papers, books, records, letters, tangible things, correspondence, communications, memoranda, notes, notations, records, record of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, brochures, photographs, publications, schedules, journals, diaries, lists, tabulations, newsletters, receipts, bills, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigations, insurance policies, claim forms, records of negotiations, reports or consultations, records kept by electronic or mechanical means, tapes or tape recordings, transcripts of tape recordings, notes or drafts relating to any of the foregoing things, all things similar to the foregoing things, and any other document or thing of any kind or character in your possession, custody or control or known by you to exist.

Different versions of the same document, handwritten notes or notations in any form, draft documents and documents with handwritten notations or marks not found on the original or on other copies are different documents.

Where a document, that is otherwise unavailable, has been scanned or copied by a computing device, such as a computer, text processors, word processors, or any similar device, a machine-readable copy shall be produced, in a form which may be read and used by a similar computing device. The Plaintiff is requested to produce the contents of floppy disks, hard disks, optical disks, magnetic tapes, read-only memories, computer networks, and any memory devices of all types.

2. *"Identify"* when used in reference to a natural person, means to state: his full name, his present or last known business and residence address, his present and last known position and business affiliation, and his employer, title, and position at the time in question in this lawsuit.

3. *"Identify"* when used in reference to a corporation, partnership, joint venture, company, business entity, or other organization, means to state: the full, legal and proper name of the organization, the type of organization, and the principal business address of the organization.

4. *"Identify"* when used in reference to a document means to state: the date, title, author, addressee, type of document, or other reasonable means of identification of the document, and its present location and custodian. If the document is no longer in your possession or subject to your control, then please state what disposition was made of the document, as last known to you.

5. *"Identify"* when used in reference to an oral communication, conference, or meeting, means to state: the date of the communication, conference or meeting; the identity of all parties of the communication, conference or meeting; and the subject mater and general substance of what was said or transpired in the communication, conference, or meeting.

6. *"Communications"* shall be deemed to include any oral or written communication, correspondence, contact, promise, representation, inducement, or document of which you have any knowledge or information.

7. *"Related to"* or *"relating to"* shall mean directly and indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon, the stated subject matter.

8. The singular form of a word, document, or person shall refer to the plural form as well, and words used in the masculine gender also include the feminine.

9. *"And"* or *"or"* shall be construed to be both conjunctive and disjunctive, so as to bring within the scope of the request any document or information that might be deemed to be outside its scope by some other construction or interpretation.

10. *"You," "yours," "your,"* and *"the Plaintiff"* shall refer to, unless otherwise stated, Jimmy Charles Jenkins, and all of his agents, representatives, employees, attorneys, and all other persons or entities in privity with him.

11. *"The Defendants"* shall refer to, unless otherwise stated, the City of Clanton, Alabama, and its agents, representatives, employees, attorneys, and all other persons or entities in privity with them.

12.  **"*Person*"** shall mean any individual, partnership, firm, association, corporation, or any other business, governmental or local entity.

13.  **"*Address*"** shall mean the street number, street, city, state, and zip code of subject person, business or other entity.

## III. INTERROGATORIES

1.  Please state your full and correct name, age, date of birth, place of birth, social security number, email address(es), and driver's license number.

2.  List any other names you may have been known by, when and under what circumstances you used them.

3.  List all addresses at which you have resided in the past ten years and the dates of each residency.

4.  Please identify and describe with specificity and particularity your employment history for the past five (5) years. Your response to this interrogatory should include, but not be limited to, the name, address, and telephone number of each employer; the respective dates of employment; your job title and duties for each employer; your wages; your supervisor; your specific job title; any physical exams that were taken; and the reason(s) you left each job (*i.e.*, voluntarily resigned, terminated, laid-off, etc.).

5.  State your yearly gross income for the past five years, and where records of that income may be found, and if you filed state and federal income tax returns.

6.  State the names of any parties against whom you or your spouse have brought other lawsuits, where and when the suit was filed, and the outcome.

7.  Have either you or your spouse been sued? If so, state by whom, when, and the outcome.

8.  Please provide a complete list and description of any criminal charges and subsequent convictions brought against you during the past ten (10)

years.

9. State everything that the Defendant did or failed to do that in any way contributed to or caused the injury alleged in the complaint.

10. What are all the facts upon which you rely in support of your contention that your alleged injury was caused by the Defendant?

11. What is the name and address of each person having knowledge of the facts referred to in Interrogatory 9?

12. Do you plan to call at the trial of this case an expert witness to testify? If so, state:

   (a) The names and addresses of each person whom you expect to call as an expert witness at the trial of this case.
   (b) The subject matter on which the expert is expected to testify.
   (c) The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

13. Please provide an itemized statement of all costs, expenses, and pecuniary and financial losses, of whatever nature, kind or description, which you have incurred or claim to have sustained as a result of the averments and allegations contained in your complaint.

14. Have you made claim for any benefits under any policy of insurance relating to the damages arising out of the incident alleged in the complaint? If so, state:

   (a) The name of the insurance company or organization to whom said claim was made.
   (b) The date of the claim or application.
   (c) The claim number and policy number.
   (d) The amount paid by them to you or anyone on your behalf or the amount you expect them to pay to you or to anyone on your behalf.

(e)   The type of insurance and a brief coverage description.

(f)   The date of any payments to you of any insurance benefits.

(g)   Whether any subrogation claim or interest is asserted by the insurance company or other payer, and if so the amount(s) so asserted.

15.   Have you been informed that your answers to these interrogatories are made under oath as required by law and may be introduced into evidence at the trial of this matter?

16.   Have you been informed that pursuant to FED. R. CIV. P. 26(e), you are under a duty to amend and supplement your answers to these interrogatories, and do you agree and promise that you will comply with that duty as required by Rule 26(e)?

James W. Porter II, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 3314 T79J
State Code POR001

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

I do hereby certify that a copy of the above and foregoing has been served upon the following by placement of same in the U.S. Mail, properly addressed, postage prepaid, on this the _8th_ day of _November_ , 2006.


William J. Baxley, Esq.
Donald R. James, Jr., Esq.
S. Joshua Briskman, Esq.
Law Offices of Baxley, Dillard, Dauphin,
   McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

John Hollis Jackson, Jr., Esq.
PO Box 1818
Clanton, AL 35046-1818


OF COUNSEL



DEFENDANT'S
EXHIBIT
2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jimmy Charles Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER 2:06 CV 963-MEF |
| | ) | |
| CITY OF CLANTON, ALABAMA, | ) | JURY TRIAL DEMANDED |
| A municipal corporation, and its | ) | |
| agents, | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST FOR PRODUCTION

Comes now the defendant, the City of Clanton, Alabama, in the above-styled cause and, pursuant to Rules 26 and 34 of the Alabama Rules of Civil Procedure, propounds to the plaintiff, Jimmy Charles Jenkins, the following requests for production:

## I. INSTRUCTIONS

In answering these requests, you are required to furnish all information available to you, including information in the possession of your attorney or any person acting in your or his behalf, and not merely such information as is known to your own personal knowledge. If you cannot answer any particular request in full after exercising due diligence to secure the information sought, so state, and answer to the extent possible, specifying your inability to answer the remainder.

Under the provisions of Rule 26(e) of the Alabama Rules of Civil Procedure, you are under a duty to seasonably supplement your response with respect to any question directly addressed to the identity and location of any person having knowledge of discoverable matter.

Also, under the provisions of Rule 26(e), you are reminded that you are under a duty to seasonably amend a prior response if you obtain information on the basis of which (A) you know that the response was incorrect when made; or (B) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Defendant within fifteen (15) days after the receipt of such information.

## II. DEFINITIONS

1. For purposes of these requests for production, the term *"documents and things"* means all written, recorded, transcribed, punched, taped, filmed, or graphic matters of whatever kind and nature, and all non-identical copies thereof, including, but not limited to, all papers, books, records, letters, tangible things, correspondence, communications, memoranda, notes, notations, records, record of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, brochures, photographs, publications, schedules, journals, diaries, lists, tabulations, newsletters, receipts, bills, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigations,

2

insurance policies, claim forms, records of negotiations, reports or consultations, records kept by electronic or mechanical means, tapes or tape recordings, transcripts of tape recordings, notes or drafts relating to any of the foregoing things, all things similar to the foregoing things, and any other document or thing of any kind or character in your possession, custody or control or known by you to exist.

Different versions of the same document, handwritten notes or notations in any form, draft documents and documents with handwritten notations or marks not found on the original or on other copies are different documents.

Where a document, that is otherwise unavailable, has been scanned or copied by a computing device, such as a computer, text processors, word processors, or any similar device, a machine-readable copy shall be produced, in a form which may be read and used by a similar computing device. The plaintiff is requested to produce the contents of floppy disks, hard disks, optical disks, magnetic tapes, read-only memories, computer networks, and any memory devices of all types.

2. *"Identify"* when used in reference to a natural person, means to state: his full name, his present or last known business and residence address, his present and last known position and business affiliation, and his employer, title, and position at the time in question in this lawsuit.

3. *"Identify"* when used in reference to a corporation, partnership, joint venture, company, business entity, or other organization, means to state: the full, legal and proper name of the organization, the type of organization, and the principal

3

business address of the organization.

4. *"Identify"* when used in reference to a document means to state: the date, title, author or signor, the author or signor's address, addressee, type of document, or other reasonable means of identification of the document, and its present location and custodian. If the document is no longer in your possession or subject to your control, then please state what disposition was made of the document, as last known to you.

5. *"Identify"* when used in reference to an oral communication, conference, or meeting, means to state: the date of the communication, conference or meeting; the identity of all parties of the communication, conference or meeting; and the subject mater and general substance of what was said or transpired in the communication, conference, or meeting.

6. *"Communications"* shall be deemed to include any oral or written communication, correspondence, contact, promise, representation, inducement, or document of which you have any knowledge or information.

7. *"Related to"* or *"relating to"* shall mean directly and indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon, the stated subject matter.

8. The singular form of a word, document, or person shall refer to the plural form as well, and words used in the masculine gender also include the feminine.

4

9. **"And"** or **"or"** shall be construed to be both conjunctive and disjunctive, so as to bring within the scope of the request any document or information that might be deemed to be outside its scope by some other construction or interpretation.

10. **"You," "yours," "your,"** and **"the plaintiff"** shall refer to as otherwise stated, Jimmy Charles Jenkins, and all of his agents, representatives, employees, attorneys, and all other persons or entities in privity with him.

11. **"The defendant"** shall refer to, unless otherwise stated, the City of Clanton, Alabama, and its agents, representatives, employees, and attorneys, respectively.

12. **"Person"** shall mean any individual, partnership, firm, association, corporation, or any other business, governmental or local entity.

13. **"Address"** shall mean the street number, street, city, state, and zip code of subject person, business or other entity.

## III. REQUEST FOR PRODUCTION

1.     Copies of any and all bills which Plaintiff alleges as special damages in the case.

2.     The names of any and all persons from whom written or oral statements have been taken by or on behalf of the Plaintiff.

3.   A copy of any and all statements taken on behalf of Plaintiff.

4.   The names of all witnesses who have any knowledge about the incident in question.

5.   Any and all photographs, audio tapes, video tapes or recordings of any kind made in connection with said lawsuit, either by Plaintiff or on Plaintiff's behalf.

6.   A copy of any and all reports, investigation, tests or other documents by whatever name called which deal with the incident made the basis of this suit.

7.   Please produce copies of any and all statements given by the plaintiff to anyone, including this defendant, this defendant's attorneys, the police and any insurance adjuster.

8.   A list of each and every exhibit that  Plaintiff or Plaintiff's attorney propose to use in the trial of this action.

9.   A copy of each and every exhibit.

10.  The name, address, telephone numbers, credentials, and statements of opinions of any expert witness hired, consulted, contacted, or whom you intend to use as a witness at the trial of this case.

11.  The documents and things relating or pertaining to all communications you or anyone acting on your behalf has ever had with the defendant, including any agent, servant, employee, or other representative of the defendant, concerning the subject matter of this lawsuit.

12.  A copy of any and all claims filed by you or on your behalf regarding the averments and allegations of your complaint.

13.  The documents and things which you may rely upon or intend to rely

6

upon to prove or support your claims for damages in this case.

14. Please produce copies of any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

15. Please produce any and all statements of the Defendant and/or Defendant's agents, servants, employees or attorneys, in possession, or constructive possession, of the Plaintiff, said Plaintiff's insurance carrier or said Plaintiff's attorney.

*NOTE:* Pursuant to A R. CIV. P. 26(e), you are under a duty to amend and supplement your answers to these requests for production, and the defendants request that you update your responses periodically to reflect any information obtained after these requests are initially responded to so that they include all information obtained up to and including the trial of this case.

James W. Porter II, one of the
Attorneys for Defendant, The City of Clanton,
Alabama
State Bar ID ASB 3314 T79J
State Code POR001


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

I do hereby certify that a copy of the above and foregoing has been served upon the following by placement of same in the U.S. Mail, properly addressed, postage prepaid, on this the _8th_ day of _November_ , 2006.

William J. Baxley, Esq.
Donald R. James, Jr., Esq.
S. Joshua Briskman, Esq.
Law Offices of Baxley, Dillard, Dauphin,
   McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

John Hollis Jackson, Jr., Esq.
PO Box 1818
Clanton, AL 35046-1818

OF COUNSEL

8

DEFENDANT'S
EXHIBIT
3

## PORTER, PORTER & HASSINGER, P. C.

ATTORNEYS AT LAW
215 21ST STREET NORTH, SUITE 1000
P. O. BOX 128
BIRMINGHAM, ALABAMA 35201-0128
WWW.PPHLAW.NET

IRVINE C. PORTER (1910-1905)
JAMES W. PORTER, II
DAVID S. HASSINGER
EARL C. BLOOM, JR.
DONALD M. HARRISON, III
KAREN R. BERHOW
NATALIE A. DAUGHERTY

TELEPHONE
(205) 322-1744

FACSIMILE
(205) 322-1750

September 6, 2007

Mr. S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin, McKnight & Barclift
2008 Third Avenue South
Birmingham, AL  35233

Re:   <u>Jimmy Charles Jenkins v. The City of Clanton, et al.</u>
Case Number: 2:06 -CV-963-MEF

Dear Josh:

In review of the file, I still have not received responses to our discovery requests dated November 8, 2006.  Please forward your responses to me within the next ten (10) days, otherwise I must consider filing a motion to compel.

I look forward to hearing from you very soon.

Yours truly,

PORTER, PORTER AND HASSINGER, P.C.

James W. Porter, II

JWPII/cls

DEFENDANT'S
EXHIBIT
4

## PORTER, PORTER & HASSINGER, P. C.

ATTORNEYS AT LAW
215 21ST STREET NORTH, SUITE 1000
P. O. BOX 128
BIRMINGHAM, ALABAMA 35201-0128
WWW.PPHLAW.NET

IRVINE C. PORTER (1910-1999)
JAMES W. PORTER, II
DAVID S. HASSINGER
EARL C. BLOOM, JR.
DONALD M. HARRISON, III
KAREN R. BERHOW
NATALIE A. DAUGHERTY

TELEPHONE
(205) 322-1744

FACSIMILE
(205) 322-1750

September 17, 2007

Mr. S. Joshua Briskman, Esq.
Baxley, Dillard, Dauphin, McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

Re:  <u>Jimmy Charles Jenkins v. The City of Clanton, et al.</u>
      Case Number: 2:06 -CV-963-MEF

Dear Josh:

   This is to follow up my letter to you of September 6, 2007 requesting that you respond to our discovery requests. As of this date, I have not heard from you and I am still waiting to receive these responses. Please forward said responses within the next five (5) days. If I do not receive the responses in that time, I will prepare to file a Motion to Compel.

   I look forward to hearing from you very soon.

                              Yours truly,

                              PORTER, PORTER AND HASSINGER, P.C.

                              James W. Porter, II

JWPII/dc