**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JIMMY CHARLES JENKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**CIVIL ACTION NO. 2:06-CV-963-MEF** |
| | ) |
| **THE CITY OF CLANTON, ALABAMA,** | ) |
| *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. #52, filed October 17, 2007). On November 6, 2007, the Court issued an order directing Plaintiff to respond to Defendants' discovery requests on or before November 16, 2007. *See* Doc. #54. Plaintiff failed to respond to the Court's order. For good cause, it is the Recommendation of the Magistrate Judge that this case be dismissed pursuant to Fed. R. Civ. P. 41(b).

### I.   PARTIES

Plaintiff Jimmy Charles Jenkins ("Jenkins") is presumed to be a resident of Jefferson County, Alabama, within the Northern District of Alabama.

Defendant City of Clanton, Alabama (the "City"), is located in Chilton County, within the Middle District of Alabama. Defendants Velma Tisdale and James Henderson are

employees of the City of Clanton.

## II.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question).  The parties do not contest jurisdiction or venue, and there are adequate allegations to support both.

## III.   NATURE OF CASE/BACKGROUND

Jenkins filed this 42 U.S.C. § 1983 action for declaratory and monetary relief arising from alleged violations of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.  Jenkins alleges the violations occurred during his incarceration as a pre-trial detainee in the Clanton City Jail from January 23, 2003 through February 10, 2003, and again from February 25, 2005 through August 28, 2005.  Jenkins' action alleges that his rights were violated by the City of Clanton, Alabama, through its employees, James Henderson (in his individual and official capacity as Chief of Police of the City of Clanton); Velma L. Tinsley (in her individual and official capacity as the Clerk of the Municipal Court of the City of Clanton); and J.D. Davis (in his individual and official capacity as a police officer of the City of Clanton).[1]  (Doc. #1).  In addition to the alleged violations of his federal rights, Jenkins asserts claims for false imprisonment, conversion, and negligence under Alabama state law.  Defendants' motion for dismissal was granted as to all of Jenkins' claims save those under the Fourteenth Amendment and state law.  *See* Doc. #

---

[1]The City of Clanton has asserted it never employed a police officer named J.D. Davis.

31.

The City served interrogatories and requests for production upon Jenkins on November 8, 2006.  On October 2, 2007, the City filed a *Motion to Compel Production of Responses to Defendant's Discovery Requests* (Doc. # 45, entered October 2, 2007).  In response to that motion, Jenkins' counsel filed a motion to withdraw from this case, citing their inability to locate him for many months.  (Doc. #47, entered October 8, 2007).  The City attempted to serve its *Second Motion to Compel Production of Responses to Defendant's Discovery Requests* upon Jenkins through mail to his three last known addresses.  *See* Doc. # 50.  On October 17, 2007, this Court permitted Jenkins' counsel to withdraw.  (Doc. #51, entered October 17, 2007).

The Court issued an order for Jenkins to show cause as to why the motions to compel should not be granted, and specifically instructed the Clerk of Court to send the order to each of three addresses submitted by his former counsel.  (Doc. #53, entered October 18, 2007).  The Order further instructed Jenkins to inform the Court of his current address for all future correspondence from the Court and defendants.  Jenkins' failure to respond prompted the Court to grant the City's motion, and ordered a response to the discovery requests by November 16, 2007.  (Doc. #54, entered November 6, 2007).  Jenkins has not responded to the Court's order to provide discovery.

### IV.  MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."

Fed. R. Civ. P. 41(b).  Further, a district court may dismiss an action if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2); *see also Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore substantial responsibility for the delays in discovery and the defendants were not at fault); *Welch v. Comcar Indus.*, 139 Fed. Appx. 138, 139 (11th Cir. 2005) (citing Rule 37).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, the Magistrate Judge nonetheless recommends dismissal of this action, as Jenkins has been provided more than a reasonable opportunity to prosecute his claim.  The City's *Motion to Compel* cites its repeated efforts to secure discovery to aid its defense of this action, all to no avail.  The Court regards Jenkins' failure to respond to the City, or to even provide notice of his current whereabouts, as grounds for dismissal under Fed. R. Civ. P. 41(b).  Consequently, it is reasonable to conclude Jenkins has chosen to abandon prosecution of his claims.

## V. Conclusion

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be **DISMISSED without prejudice for lack of prosecution**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **December 19, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

The Clerk of Court is directed to mail a copy of this Recommendation to Plaintiff at

the following address:

     1112 15th Way, SW, Birmingham, Alabama 35211


     DONE this 6th day of December, 2007.


                  /s/Terry F. Moorer
                  TERRY F. MOORER
                  UNITED STATES MAGISTRATE JUDGE